TRUMAN BARNEY *vs.* SAMUEL, ELIAS, *and* IRA BLISS.

(1 *D. Chip. Rep.* 399.)

If one traverse the facts, and take issue upon a bad plea, instead of demurring to the same, he cannot avail himself of a new trial, on the ground that testimony was admitted, contrary to the general rule of evidence, provided it was pertinent to the *issue joined;* nor will a new trial be granted for the defect in pleading.

Whether the issue found be immaterial, or otherwise, is a question properly arising on a motion in arrest of judgment. But though the plea might have been bad on demurrer; yet, if the Court can discover that substantial justice has been done by the verdict, they will not arrest the judgment, but will consider the party as having waived all objections to the proof of the facts on which he has taken issue.

THIS was an action of assumpsit, on a promissory note of the following tenor, *to wit,*

*Jericho, April* 18, 1814.

"We jointly and severally promise to pay *Truman Barney* ten thousand feet of good merchantable pine boards, on the first day of October, 1819, at the saw-mill by us hired of said *Barney.*                (Signed,)          SAMUEL BLISS,
                                        ELIAS BLISS,
                                        IRA BLISS.

On the trial of the issue joined to the plaintiff's replication to the defendant's second plea in bar, the defendants offered to show by parol, that *the agreement* on which said note was given, and made at the time of the execution thereof, was, that the same should be made payable on the *fifth* day of October, 1819, instead of the *first* day of October, 1819; and that the note was written, by the mistake or fraud of the plaintiff, to be made payable on the first day of October, 1819. To the admission of which evidence the plaintiff objected; but the court overruled the objection, and permitted said evidence to be given to the jury. And the court then and there charged the jury, that if they found from the parol evidence, thus admitted, that the note was written by the mistake of the plaintiff, and that there was an agreement by parol, at the time the note was executed, that the same should be made payable on the fifth of October, 1819, and that the defendants had turned out and designated the 10,000 feet of boards, mentioned in said note, on the said fifth day of October, 1819, agreeable to the tenor of said agreement, to find a verdict for the defendants. To which charge of the court, as well as to the admission of said evidence, the plaintiff excepted.

The said plea and replication were as follows:—

The defendants for further plea in this behalf, by leave of court, &c. say, that the plaintiff, from having and maintaining his said action thereof against them ought to be barred, because, they say, that the agreement between the parties, upon which said note was given, was that the defendants should pay the said 10,000 feet of boards on the fifth day of October, 1819, and that the said note as the same is written, was procured by

Chittenden,
December,
1825.

Barney
vs.
Bliss, et al.

the mistake or fraud of the said *Truman*, and that on the said fifth day of October, 1819, at the said mill, in the said declaration mentioned, they did measure the said 10,000 feet of good merchantable pine boards, and piled the same in a safe and secure place, at said mill, for the said *Truman*, of which the said *Truman*, then and there had notice; and that said boards are still at said mill, ready for the said *Truman*, all which they are ready to verify.—Whereupon they pray judgment, that the plaintiff from having and maintaining his said action thereof may be barred, and they have their costs.          By Adams.

To which the plaintiff replied, that he ought not to be barred, &c. because he says, that the agreement on which said note was given, was not that the said defendants should pay the said 10,000 feet of boards on the fifth day of October, 1819, and that the said note as written, was not procured by the mistake or fraud of the plaintiff, and that the defendants did not on the said fifth day of October, 1819, at the said mill, in said declaration mentioned, measure the said ten thousand feet of good merchantable pine boards, and did not pile the same in a safe and secure place, at said mill, for said *Truman*, nor did the said *Truman* then and there have notice thereof; and also, that the said boards are not still at said mill, for the said *Truman*; all which he prays may be inquired of by the country.

And the defendants do the like, &c.

The jury having returned a verdict for the defendants, the plaintiff moved the court for a *new trial*, for the matters contained in the exceptions aforesaid; and also, *in arrest of judgment*, for the immateriality of the issue.

And now, at this term, the cause was argued upon both motions; whereupon the following opinion of the Court was pronounced by

PRENTISS, J. The application for a new trial is founded on exceptions to the opinion of the court, in the admission of certain testimony on the trial, and in the charge given to the jury. It appears that the plaintiff, in his replication, traversed the facts stated in the defendant's plea in bar, and tendered an issue, which was joined.

Whatever evidence, therefore, was pertinent to prove the facts thus put in issue, was properly admissible; for, as no evidence not relating to the issue can be received, so the court cannot reject that which is pertinent to it. That the evidence which was admitted applied to the particular facts put in issue, cannot admit of a question; and as to the proof being by parol, the plea must be taken to state, and of course the replication to put in issue, facts resting in parol. The direction to the jury was, in substance, to return a verdict for the defendants, if, from the evidence thus admitted, they found the facts contained in the plea; and surely, there was nothing wrong in this direction. Issue being taken on the plea, that issue was to be tried; and the jury were bound, and of course were properly directed, to find

Chittenden,
December,
1825.

Barney
vs.
Bliss, et al.

the truth of the matter thus put in issue. If the matter contained in the plea amounted to no defence, the plaintiff might have demurred; but having taken issue on the plea, the court were not called upon by the state of the pleadings to decide, whether the facts put in issue would, or would not, amount to a defence. The judge, at the trial, is never to decide on the pleadings; nor is a new trial ever granted for a defect in the pleadings. (*Meyer* vs. *McLean*, 1 *Johns. Rep.* 509.) If the pleadings authorize the admission of the evidence, and the direction to the jury is such as the state of the pleadings requires, it is altogether immaterial, on an application of this sort, whether the pleadings be good or bad. If the pleadings are bad, it would be quite idle to award a new trial. In such case, the party, if he has any remedy, must seek it in another form. The evidence which was admitted being pertinent to the issue, and the direction to the jury being to find according to the truth of the evidence, there is no ground for a new trial, and the motion must be denied.

The question as to the materiality of the defendant's plea, very properly arises on the motion in arrest. If the plea is so defective, in substance, that the merits cannot be considered as having been determined, this motion must prevail. But if the issue taken determines the right, and substantial justice has been done, the Court ought not, after verdict, to arrest the judgment, although the plea might have been bad on demurrer. In a court of equity, it is a clear principle, that a contract will not be enforced, which has been prepared contrary to the intent of the parties, by mistake or fraud; and the defendant will be allowed to prove by parol evidence, that the written instrument does not correctly and truly express the agreement, but that there is an omission or insertion of a term, or some material variation, contrary to the intent and understanding of the parties. (1 *Phil. Ev.* 450.) Indeed, it seems to be established, that relief may be had against any deed or contract in writing, founded in mistake or fraud, whether the mistake is set up affirmatively, by bill, or as a defence. (2 *Atk.* 31. 1 *Ves.* 317. 3 *Ves.* 573. 5 *Ves.* 395. 6 *Ves.* 328.) The doctrine of the common law, however, appears to be, that the written instrument furnishes better evidence of the agreement of the parties, than any that can be supplied by parol; and the rule in a court of law, therefore, is, that parol evidence cannot be admitted to contradict a written agreement, or to vary its legal operation, and is never received, except in cases of fraud, or latent ambiguity, or to ascertain an independent collateral fact. If the instrument is complete in itself, and will have an effective operation without the aid of parol evidence, the evidence cannot be received; and whenever it has been received in the case of wills, it has been admitted to explain that, which, without such explanation, could have had no operation. The case of receipts, however, like any other mere acknowledgement or admission in writing, which contains no contract, is exempt from the application of the rule; and a re-

ceipt, although absolute in its terms, and expressed to be in full, is not conclusive, and parol evidence is admissible to explain or contradict it. (*Stratton* vs. *Rastall,* 2 *T. Rep.* 366. 5 *Ves.* 87.---- *Stackpole* vs. *Arnold,* 11 *Mass.* 27.----*McInstry* vs. *Pearswell,* 3 *Johns. Rep.* 319.----*Maryland Insurance Co.* vs. *Pruden's Adm'r,* 6 *Cranch,* 338.) So a party has been admitted to aver against the terms of a written contract, in order to avoid a plea of the stat- ute of usury, by showing that the matter, which brought the transaction within the statute, was introduced by mistake, and there was no corrupt agreement. (*Nevison* vs. *Whitley,* Cro. Car. 501.) With the exception of these instances, the rule seems to be invariable in a court of law, that parol evidence cannot be received to contradict a written instrument, or vary its legal op- eration, on the ground of mistake or otherwise. (1 *Phil. Ev.* 433, 441, 2.----*Hoare* vs. *Graham,* 3 *Campb.* 57.----*Hogg* vs. *Snaith,* 1 *Taunt.* 347.) Where there has been a contract in writing for the sale of goods, specifying the quantity and the price, neither of the contracting parties will be allowed to prove by parol evidence, that the agreement, as to the price, was different, or that a dif- ferent quantity was to be delivered. (*Graves* vs. *Ashlin,* 3 *Campb.* 426.) In *Thompson* vs. *Ketcham,* 8 *Johns. Rep.* 189, it was held, that if no time of payment be expressed in a note, the law ad- judges it payable immediately, and parol evidence is inadmissi- ble to show a different time of payment. And in *Fitzhu* vs. *Run- yon,* 8 *Johns. Rep.* 375, it was determined, that parol evidence was inadmissible, to show that a note, payable in 1810, was made so by mistake for 1811. This rule, however, is a rule of evi- dence merely, and it is competent for a party to waive the bene- fit of it, if he chooses so to do. Admitting that the defendant might have been estopped to aver a mistake in the note, and that the plea would have been had on demurrer, yet if the mat- ter set up in the plea is a defence in equity, and the plaintiff, in- stead of demurring, has chosen to take issue on the plea, and go to trial, he ought to be considered as having waived all objec- tion arising out of the rules of evidence, and to have put the de- cision on the justice and conscience of the case; and if the ver- dict is agreeable to the equity of the case, and determines the right, the judgment ought not to be stayed. There are many cases, in which a party has been held to have waived a legal ob- jection, of which he might have availed himself. If the plain- tiff or defendant, instead of demurring, take issue upon a repli- cation or rejoinder, containing a departure, and it is found against him, the court will not arrest the judgment. (2 *Saund.* 84. a.) So, if a fact to which an estoppel applies, be distinctly averred or denied by one party, and the other party, instead of pleading the estoppel, take issue on the fact, he thereby waives the estoppel, and rests the case on the truth of the fact. Thus, in debt for rent upon an indenture, if the defendant plead *nil ha- buit in tenementis,* the plaintiff may reply the indenture and estop him; or, if the declaration is on the indenture, and the estoppel appears on the record, the plaintiff may demur. But if the plain-

<div style="margin-left">

*Chittenden,*
*December,*
*1825.*

*Barney*
*vs.*
*Bliss, et al.*

*Franklin,*
*January,*
*1826.*

</div>

tiff will not rely on the estoppel, but reply *habuit*, the jury shall find the truth. (1 *Salk.* 277. *Bull. N. P.* 270.) In *Myer* vs. *McLean*, 2 *Johns. Rep.* 183, where the defendant pleaded *nil debet* to an action of debt on judgment, and the plaintiff went to trial on it, the court refused to arrest the judgment, considering that the plaintiff having treated the plea as a legal plea, and having gone to trial upon it, he could not, after verdict, allege any thing against it, but was concluded by his own acts. If the facts contained in the plea in the present case, had been admitted in evidence on the general issue, without objection, the court would not, on a motion for a new trial, inquire into the legality of the proof, but would consider the objection as waived. By taking issue on the plea, and consenting to go to trial, the plaintiff must be considered as having waived all objection to the proof of the facts; and the facts being a defence in equity, and the issue determining the right, there is no reason why judgment should not be given on the verdict.

<div style="text-align: right">Judgment for the defendants.</div>

*Wm. A. Griswold, J. C. Thompson,* and *B. Turner,* for the plaintiff.

*Chs. Adams,* for the defendants.

