HARRISON
v.
HIXON.

*O. H. Smith*, for the plaintiff.

*J. Perry*, for the defendants. .

---

HARRISON and Another *v.* HIXSON and Another.

In a suit against a carrier; the declaration stated the goods to have been delivered to the defendant on board a schooner to be safely carried from *Michigan City* to *Buffalo*, &c., "the dangers of the seas only excepted." The exception contained in the bill of lading offered in evidence by the plaintiff was, "the dangers of the lakes and rivers excepted." *Held*, that the variance was immaterial.

A bill of lading with no qualifying terms is *prima facie* but not conclusive evidence, that the goods consigned belong to the consignee.

The consignor of goods, in an action against the carrier for their loss, may introduce the bill of lading to prove the delivery of the goods, and may then show by parol testimony, that the goods belong to himself and not to the consignee:

Saturday,
January 7,
1837.

ERROR to the *La Porte* Circuit Court.

DEWEY, J.—This was an action on the case by the plaintiffs in error against the defendants in error.   The declaration contains four counts.   Three of them are substantially the same, and charge that the plaintiffs, at the request of the defendants, caused to be delivered to them, on board the schooner *Post-Boy*, a quantity of wheat to be carried by them from *Michigan City* to *Buffalo* in the state of *New-York*, and there to be delivered for the plaintiffs, for a certain freight or reward, the dangers of the seas only excepted; that the defendants received the wheat for that purpose, and that although the schooner sailed from *Michigan City* on her voyage to *Buffalo*, the wheat was lost through the negligence and mismanagement of the defendants.   The fourth count alleges that the defendants were common carriers, and as such received a quantity of wheat of the plaintiffs in their schooner called the *Post-Boy*, to be carried from *Michigan City* to *Buffalo*, but so negligently managed their vessel that the wheat was lost on the voyage. Plea, general issue, jury trial, and judgment for defendants.

On the trial of the cause the plaintiffs,—having proved that

the defendants were the owners of the schooner *Post-Boy*, that one of them, *Hixson*, was her commander, that he had as such executed a bill of lading, and that the wheat named in it was the same mentioned in the declaration,—offered it in evidence to the jury, and at the same time offered to prove that one *Miller*, (mentioned in the bill of lading,) was their forwarding merchant, that the wheat specified in it was their property, and that it was consigned to *Eaton*, a commission merchant, to be sold on their account. The bill of lading and the explanatory parol testimony, having been objected to by the defendants, were excluded from the jury by the Court. The plaintiffs excepted, and then proposed to prove by parol, that the wheat mentioned in the fourth count of the declaration, was delivered by the plaintiffs to the defendants to be by them conveyed, as common carriers, as therein alleged. This proof was also upon the objection of the defendants rejected; and exception taken by the plaintiffs.

The bill of lading acknowledged the shipment on board the *Post-Boy*, *Hixson* master, of 413 bushels of wheat in good order by *Miller* for *A. Eaton*, *Buffalo*, sent by the plaintiffs, to be delivered in like good order at the port of *Buffalo*, (the dangers of the lakes and rivers excepted,) to *A. Eaton* or assigns, he paying freight.

In support of the decision of the Circuit Court, in excluding the bill of lading and the explanatory testimony, it is contended that there is a fatal variance between the undertaking of the defendants as stated in the declaration—"the dangers of the seas only excepted,"—and that contained in the bill of lading —"the dangers of the lakes and rivers excepted." We do not consider the variance to be material. The meaning of the two expressions, as applied to our inland navigation, is the same. Had the declaration stated the exception in either set of words, and the bill of lading had contained no exception at all,—and *vice versa*,—the objection to the admissibility of the evidence should have been sustained. But as the case stands, there was no variance which should have excluded the testimony.

It is also urged that the bill of lading was inadmissible, because it proved the ownership of the wheat not to be in the plaintiffs, but in *Eaton* the consignee. It is true that a bill of lading with no qualifying terms, is *prima facie* evidence that the property consigned belongs to the consignee. 1 Ld. Raym.

Nov. Term,
1836.

HARRISON
v.
HIXSON.

Nov. Term, 1836.

Doe
v.
Smith.

271.—6 East, 21. But it is not conclusive evidence of that fact; it is susceptible of explanation by rebutting testimony, showing the consignor to be the real owner of the property. 3 Barn. & Adol. 523, *Scaif et al.* v. *Tobin.*—2 M. & M. 106, *Bates* v. *Todd.*—6 East, 21, *n.*—7 Mass. Rep. 301.—1 Johns. R. 1.—Ib. 223.—6 Cranch, 338.—1 Wheat. 25.—2 Dall. 180.— 20 Johns. R. 226. The plaintiffs were entitled to the benefit of the bill of lading to prove the delivery of the property to the defendants, and the terms on which they received it. The Circuit Court erred in rejecting the bill of lading and the explanatory evidence.

It was also error to reject the parol testimony offered in support of the fourth count of the declaration.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher, O. Butler,* and *S. C. Sample,* for the plaintiffs.

*C. W. Ewing, J. Rariden,* and *J. S. Newman,* for the defendants.