FIDELITY & CASUALTY CO. OF NEW YORK v. ALPERT et al.

(Circuit Court of Appeals, Third Circuit. May 3, 1895.)

No. 16.

INSURANCE—REPRESENTATIONS—QUESTION FOR JURY.

> Where the application for a policy of insurance is not made a part of the contract between the parties, and the policy contains no warranty of the truth of the statements in the application, both the materiality and the truth of the statements of the assured in applying for the policy are to be determined by the jury in an action on the policy; and a recovery cannot be defeated unless such statements, or some of them, are found to be both material and untrue.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

This was an action by F. Alpert and Lottie Alpert against the Fidelity & Casualty Company of New York on a policy of insurance. The plaintiffs recovered judgment in the circuit court. Defendant brings error. Affirmed.

W. P. Potter, for plaintiff in error.

Charles M. Thorp, for defendants in error.

Before DALLAS, Circuit Judge, and WALES and BUFFINGTON, District Judges.

WALES, District Judge. This was an action by F. Alpert and Lottie Alpert, his wife, in the right of the wife, against the Fidelity & Casualty Company of New York, on a policy of insurance against accidental personal injuries, issued to Thomas P. Laverty, and dated January 5, 1893, whereby the company agreed to pay a certain weekly indemnity sum during his disability resulting from any accident, and the sum of $3,000 in case of his death, if caused by accident, and happening within 90 days thereafter. In the event of the death of the assured from accidental injury, the principal sum of $3,000 was made

payable to his daughter, Lottie Laverty, who, at the date of the policy, and at the time of bringing the action, was the wife of F. Alpert. At the trial there was evidence to show that on January 31, 1893, the assured met with an accident, in falling on the pavement in front of his residence, in Pittsburgh, from the effects of which he died on February 11th of the same year. The defense chiefly relied on was the alleged false representation, made at the time the policy was applied for, as to the age of the assured. The testimony was that the assured had had no personal communication with the company, or with its local general agent; the policy having been procured for Mr. Laverty by his son-in-law, Mr. Alpert. The agent testified that the age limit with the company was 65 years, and that the company did not issue policies to persons who were over that age; that when Mr. Alpert came to him about insuring Mr. Laverty, and before the risk was taken, the subject of Mr. Laverty's age was discussed between them, and Mr. Alpert then told him that Mr. Laverty was 64 years old, or in his sixty-fifth year, and had not reached his sixty-fifth birthday. Further evidence was introduced to show that Mr. Laverty was, at the date of the policy, over 70 and nearly 74 years old; this evidence consisting of two affidavits which had been made by the assured, one in 1890, and the other in 1891,—the first in an application for a pension, and the second in an application for insurance in another company. There was a verdict for the plaintiffs for the full amount claimed, and the case is here on exceptions to the charge of the court, the assignments of error being these:

"(1) The court erred in the general charge in this: that after using the following language, 'What was Mr. Laverty's age when the policy of insurance sued on was obtained? Was he under 65, or was he over 70, years old? This is a question for you to determine from all the evidence,'—the court further stated: 'It is also a question for you to determine, under the evidence, whether the misrepresentation alleged to have been made to the insurance company as to Mr. Laverty's age was a material misrepresentation? Did it, or not, fairly act to induce the defendant company to issue the policy? If you find from the evidence that the alleged representation with respect to Mr. Laverty's age was in fact made, and was a material representation, and that it was not true, your verdict should be for the defendant. If you do not so find, then this particular defense would fail.' (2) The court erred in refusing to affirm, without qualification or modification, the defendant's fourth point, which was as follows: 'If the jury believe that the age of the assured, Thomas P. Laverty, was not truthfully stated to the defendant company at the time of the application for the policy, then the contract between the defendant and the assured was void, and the verdict should be for the defendant. Answer. This point is affirmed, if the jury find that the alleged statement as to age was material.' "

In the course of his charge to the jury, the learned judge had said:

"In a contract of insurance, good faith requires that the assured shall truthfully represent to the insurer every fact with respect to which he speaks, material to the risk, which lies exclusively within the knowledge of the assured, and constitutes an inducement to the insurer to enter into the contract."

Taken in connection with other portions of the charge, the jury were thus fully informed of the issues of fact on which they were to pass, and also of the duty incumbent on the assured in making his application for insurance. The record does not set out the application,

nor account for its absence, nor does it appear that it formed any part of the written contract between the parties. An insurance company, in taking risks on lives or on property, has the right to determine the conditions on which they will issue a policy, and to insist upon their literal fulfillment; and when these conditions are expressed in, and made a part of, the written contract, their materiality is settled. In such cases the intention of the parties is to be gathered from the terms of the contract. The statements of the assured are incorporated into the conditions on which the insurance is undertaken, and, being made the basis of contract, if untrue, will render the contract invalid. The assured warrants his statements to be true, and covenants that if they are untrue the policy shall be void, whether the statements were or were not material to the risk. The agreement of the parties is conclusive, and the question of materialty is no longer an open one. But, in the absence of a warranty of the character just described, the representations of the assured, when applying for insurance, may or may not be material to the risk, and this may be a subject on which minds will reasonably differ, and come to different conclusions. The materiality of a representation, then, becomes a matter of proof, to be found by the jury like any other fact, under all the circumstances of the particular case, and, in action on a policy, must be proved by the insurer, in order to prevent a recovery. This distinction between warranties contained in the contract, and parol representations made by the assured as inducement to the insurer to assume the risk, is a well-settled rule of law. The principle has been recognized by the highest authorities, and is nowhere more clearly defined than in the case of Anderson v. Fitzgerald, 4 H. L. Cas. 484, which went up from the courts of exchequer and exchequer chamber in Ireland, was elaborately discussed, and carefully considered. The lord chancellor, in his opinion, said:

"There is a great distinction between that which amounts to what is called a warranty, and that which is merely a representation inducing a party to enter into a contract. Thus, if a person effecting a policy of insurance says, 'I warrant such and such things here stated,' and that is a part of the contract, then whether they are material or not is quite unimportant. The party must adhere to his warranty, whether material or immaterial. But if the party makes no warranty at all, but simply makes a certain statement, if that statement has been made bona fide, unless it is material, it does not signify whether it is false or not false. Indeed, whether made bona fide or not, if it is not material, the untruth is quite unimportant."

The question of law had been previously submitted to all the judges, and Mr. Baron Parke, in replying for them, and treating the proviso in the policy of insurance which was the cause of action, said:

"It prohibits every false statement whatever, whether in matters actually material or immaterial, and leaves no room for dispute whether the particular matter to which it related was material or not (which, in the case of a dispute, a jury would have to decide), leaving the company to determine entirely for itself what matters it deems material, and what not."

It has been held that, if there was nothing expressed in the terms of a policy which required a particular statement to be made, nevertheless, if the omitted fact was a material one, the keeping it back

would be fatal, and whether the omission was a material one was a question for the jury. Huguenin v. Rayley, 6 Taunt. 186. In Insurance Co. v. Ruden, 6 Cranch, 339, Chief Justice Marshall said:

"It is well settled that the operation of any concealment on the policy depends on its materiality to the risk, and this court has decided that this materiality is a subject for the consideration of a jury"; reaffirming the rule laid down in Livingstone v. Insurance Co., Id. 274 (decided at the same term).

In Insurance Co. v. Lawrence, 10 Pet. 516, it was decided that the trial court had rightly rejected instructions to the jury which proceeded upon the ground that, if there was any misrepresentation of the interest of the assured, that alone, whether material or not to the risk, would avoid the policy, and that it was still more objectionable to ask the court to declare to the jury, as matter of law, that the nondisclosure of the true nature and extent of the title and interest of the assured in the premises was a concealment of circumstances materially affecting the risk, which canceled the policy, thus taking from the jury the proper examination of the fact whether it was material to the risk or not. In Lindenau v. Desborough, 8 Barn. & C. 586, it was said to be the duty of a party effecting an insurance on life or property to communicate to the underwriter all material facts within his knowledge touching the subject-matter of the insurance, and it is a question for the jury whether any particular fact was or was not material.

An examination of the authorities cited by counsel for the appellant will show that they are, for the most part, cases where the materiality of the statements of the assured was settled by the parties themselves, and constituted the conditions on which the contract was made, thus leaving only the truth or the untruth of the statements to be ascertained by a jury. In Anderson v. Fitzgerald, supra, which was relied on to sustain the exception, it was distinctly held that the untrue answers of the assured, ipso facto, avoided the policy, because the assured had warranted his answers to be true, and by so doing had excluded the question of their materiality. In a case of warranty, the question of materiality does not arise, but in the case of representation it always does; and in the latter case, if this materiality depends upon facts and circumstances, it is a question for the jury, as is also the materiality of a concealment. May, Ins. 193. On a review of the whole record, and a full consideration of the arguments of counsel, we are satisfied that there was no error in the charge of the circuit court, or in the refusal to grant the instructions prayed for, and its judgment is therefore affirmed.