DAVID FRENCH *vs.* Estate of JOHN C. THOMPSON, deceased.

The personal promise of a guardian, on sufficient consideration, to pay the debt of his ward, is not void.

The surrender to him, by a former guardian, of the ward's demands, is a sufficient consideration for a promise to pay the debt of such former guardian.

Such promise, on such consideration, is not within the *statute of frauds.*

Verdict must be according to the issue and evidence, regardless of the *sufficiency* of the pleadings.

This was an appeal from the commissioners on the estate of J. C. Thompson, deceased, represented insolvent.

In the county court, a declaration was filed in *assumpsit*, stating, in substance, that on the third day of July, 1825, the plaintiff was guardian of D. Hurlbut, and had due him, as such guardian, a sum of 500 dollars, and held in his possession personal property, deeds and notes belonging to said Hurlbut, out of which he could fully have paid himself: that on the third day he resigned said guardianship, and said Thompson was appointed; and that said Thompson, being desirous of obtaining said property and demands, promised the plaintiff if he would deliver the same to said Thompson, he, said Thompson, would, whenever thereto afterwards requested, pay the amount due to the plaintiff as aforesaid; and that relying on this promise,

the plaintiff delivered the same to said Thompson; yet the plaintiff had not been paid, though often demanded, to wit, on the 12th day of August, 1830. Plea, the general issue.

CHITTENDEN,
January,
1834.

French
vs.
Thompson.

On the trial, the plaintiff offered evidence tending to prove, that in 1823, he had been appointed guardian of Daniel Hurlbut, and so continued to December 10, 1824, at which time he had a considerable account against said Hurlbut's estate, for payments and moneys expended by him as guardian, which account had not been adjusted and allowed by the judge of probate : that on said 10th day of December, he resigned the guardianship, and John C. Thompson was appointed to succeed him : that he had then property to a large amount, consisting of notes, &c. in his possession, which Thompson being desirous to obtain, in order to enable him to proceed in the settlement of the estate, then verbally promised if French would deliver up to him the papers and property of said Hurlbut's estate, he, Thompson, would see French's account paid. Whereupon, the whole was delivered to Thompson.

The plaintiff showed a letter from Thompson to him, dated February 6, 1825, requesting him to present his account for adjustment to the judge of probate, the next day ; and it appeared that it was presented the next day, but the account was not finally adjusted by the judge until November, 1825.

On the part of the defendant, a letter from said French to Thompson, dated August, 1829, requesting the latter (who was an attorney) to commence a suit against Hurlbut on his said account, was shown. It did not appear from any evidence, except what might be inferred from the foregoing, that French had made any demand on Thompson for payment. It appeared that Thompson was removed from the guardianship, March, 1825. The defendant requested the court to charge the jury, that the alleged promise was void by the statute of frauds : that if the statute of frauds did not apply, still it was void for the reason that it was the promise of a guardian to pay the debt of the ward, whose estate was abundantly able to pay, and which, when adjusted, it was already the duty of the guardian to discharge : that it was the duty of French to have

CHITTENDEN,
January,
1834.
─────
French
vs.
Thompson.

procured an adjustment by the probate court, and a presentation and demand of payment of Thompson in a reasonable time; and all this was a condition precedent to French's right of recovery; and that French's neglect to have his account liquidated until November, 1825, eight months after Thompson's removal as guardian, discharged Thompson from all liability.

The court charged the jury that the promise of Thompson was not void under the statute—that it was made as an inducement to the plaintiff to surrender the property of Hurlbut, and he did surrender it, relying on that promise. The promise was valid and binding on Thompson in his personal capacity, and although Thompson was entitled to notice and demand, yet that the jury might well infer both from the relation in which the two parties stood, the correspondence between them and the adjustment of the plaintiff's account by the probate court.

To this charge there was exception, and verdict being found for the plaintiff, the cause was removed into this court.

*Sawyer & Levenworth for defendant,* argued,

1st, Thompson's promise to pay Hurlbut's debt was a collateral promise, since it did not discharge Hurlbut; and therefore required to be in writing.

2d, The reception of the property operated no personal benefit to Thompson—the consideration of the promise must therefore be deduced from some advantage having been foreborne by French. But the estate of Hurlbut was then amply able, and Thompson, as guardian, was bound to pay it. French had procured his account to be adjusted, and demanded payment; and French, had he kept the property, could not have applied it on his account until adjusted. He therefore lost nothing by giving up the property. His loss was only by his own neglect.

3d, The defendant insists that French had no lien on the property.—*Norton* vs. *Story,* 1 Con. Rep. 65.

4th, The promise was *nudum pactum* for the reason that it merely obliged the defendant to do what his official duty already required him to perform.

5th, This claim Thompson could not pay until it was

adjusted by the probate court. This required the act of French to be done in a reasonable time. This condition precedent he did not perform.—Co. Litt. 206, b.—1 Ld. Ray. 623.—1 T. R. 130, 638.—Doug. 689.

6th, A demand or request of payment was necessary at all events before action accrued.

*Maeck & French for plaintiff*, argued,

1st, The promise is not within the statute of frauds: The consideration for it being entirely a distinct thing from the original liability, and moving from the promisee to the promisor. The plaintiff had a lien on the effects of the ward in his hands, for his account and the contract between French and Thompson may be viewed as a sale of the plaintiff's lien.—*Castling* vs. *Aubert*, 2 East. 325.— *Williams* vs. *Leper*, 3 Burr. 1886.—*Leonard* vs. *Bredenburg*, 8 John. 23.—*Packard* vs. *Richardson*, 17 Mass. 122.

2d, Neither is the contract void as being in affirmance of the legal liability of Thompson. His legal liability would not have arisen from the surrender of the lien, but from the indebtedness of Hurlbut and effects in Thompson's hands. But the consideration for this promise is not the indebtedness of Hurlbut, but the surrender of the plaintiff's lien. It is therefore a new liability on a distinct consideration, and not an affirmance of an original liability.

3d, There was sufficient evidence of notice and demand on Thompson.

1.—It appears, proceedings were taken in the probate court by Thompson's request, which he, as guardian, was bound to attend to.

2.—The death of Thompson removes all difficulty as to demand. It would be absurd to contend the plaintiff had not his remedy because Thompson died before demand. After his death, the estate being represented insolvent, the presentment of the claim to the commissioners was tantamount to a demand.—6 Mass. Rep. 310, *Chandler* vs. *Winship*.

4th, It does not appear that the plaintiff was guilty of any laches in relation to the liquidation of his account. The proceedings being in a court of record, no laches are imputable to any one. It was seasonably presented, and

8

the delay is to be presumed to be by order of court for sufficient cause.

French
vs.
Thompson.

The opinion of the court was pronounced by

COLLAMER, J.—The plaintiff, by his declaration, insists that Thompson, in his private and individual capacity, made the promise, and for the consideration therein stated, to be *personally holden.* This was a question for the jury to try, and by their verdict they have found it as the plaintiff has declared; nor has any exception been taken to the charge as to the manner in which that question was left to the jury. This view of the case disposes of a large part of what has been urged in argument. To the jury the defendant should have urged the facts that the surrender of the demands and property was no personal benefit to Thompson, that the parties long left the demand unsettled, that French wrote to Thompson to sue Hurlbut on the claim, &c. as all tending to show that Thompson never made, and French never understood him to make any such personal promise as is now alleged. Such was the only legitimate use to be made of those facts. The weight of evidence is not to be argued over to the court, on a proceeding in error. This disposes of the letter of French. If he had a legal claim on Thompson personally, it was no way inconsistent with an existing claim on Hurlbut, and the letter could be no discharge of Thompson. This also disposes of the argument that the promise of Thompson was void, as being no more than he was already bound as guardian to do; for the jury, by their verdict, have found a *personal* promise and liability.

It is not necessary to say the plaintiff had a *lien* for his account on Hurlbut's demands so that he could have held the whole until paid; but the court is of opinion he had the right to collect his pay out of those demands, and therefore his surrender thereof was a sufficient consideration for the promise.

It is here to be observed, that the questions whether a sufficient legal consideration was proved, or whether the promise was void because it created no new obligation or duty, can hardly be considered as questions presented in this case. The consideration and promise proved were those stated in the declaration, and the declaration was

not demurred to, nor has any motion in arrest been filed for insufficiency. If the defendant, neglecting to demur, traverse the declaration, and put the plaintiff on his proof, he cannot object to the evidence, or to verdict being found for the plaintiff if the evidence support the declaration, even though the declaration be substantially defective. The issue being sustained by legal proof, must be found accordingly; and the opposite party must be left to his motion in arrest. It is important this distinction should be preserved in practice. The plaintiff is entitled to all the advantages a verdict will give him in such case. Many defects are cured by verdict, and even if a motion in arrest is sustained, the defendant recovers no cost. This is peculiarly important under our system of review. The same charge would be equally erroneous or correct at every trial of the same issue on the same evidence. Suppose a declaration be substantially defective, but the defendant, willing to put the plaintiff to all possible cost, declines to demur, but puts in the general issue, and after several jury trials, at last requests the court to charge the jury that the plaintiff cannot recover even if the declaration is fully proved. Is it not apparent, if the jury be so instructed, and a verdict returned for the defendant, the most manifest violence will be done to legal principles, and the defendant will recover costs to which he is not entitled? Even the jury would do violence to the very terms of their oath, and would not try the issue and find it *according to the evidence given in court.* In the present case, the evidence was strictly according to the declaration, both in relation to the consideration and terms of the promise alleged. The court therefore could neither reject the evidence nor direct the jury to find a verdict for the defendant, even had the plaintiff's claim been insufficient in law. These principles have been fully recognized and settled by this court in the case *Barney* vs. *Bliss,* (2 Aik. 60.)

The principal question *which this case presents* is this: Was the promise of Thompson within the statute of frauds, and therefore necessary to be proved in writing? Were this *res integra,* it might admit of much room for hesitation; but our legislature having adopted the English statute in its very words, must have intended it should be here re-

CHITTENDEN,<br>*January,*<br>1834.<br><br>French<br>*vs.*<br>Thompson.

CHITTENDEN,
January,
1834.

French
vs.
Thompson.

ceived with the practical construction and limitations it had there received. It has been most fully and repeatedly decided, that if the promise to pay the debt of another be founded on a new consideration, independent of the debt, and moving between the parties to the new promise, it is an independent promise, and not within the statute.—— (Stark. Ev. 4 Part, 596–7, and notes.)   This case is within the case *Castling* vs. *Aubert*, (2 East, 325,) and amounted to a sale of the plaintiff's collateral security.

Much has been said on the *demand;* but it is not very obvious how a demand was necessary.   By the terms of the promise, Thompson was to see the debt paid : if, therefore, he had notice of it as a liquidated and unpaid debt, it was his duty to have paid it.   That he had such notice, the jury inferred from the facts in the case, which the court think they were well authorized to do, if they so believed.

Judgment affirmed.