## SELLERS, GUARDIAN, &c. v. SMITH.

1. Where an administrator has paid to the guardian of a distributee of the intestate's estate, an amount of money beyond the distributive share, the former, although he has made a final settlement of his accounts with the orphans' court, may maintain an action in his own name against the guardian for the excess paid him; and the latter may retain from the funds of the ward, for his reimbursement—the orphans' court not being authorized to allow the administrator a credit for the overpayment, he is personally chargeable with it: and may therefore recover it back.

2. The distinction in a judgment against a guardian, that it be levied of the goods and chattels, &c. of the ward in his hands, &c., is a mere clerical misprision, amendable on motion in the primary court, or in the supreme court at the costs of the plaintiff in error.

Writ of Error to the County Court of Lowndes.

T. J. JUDGE, for the plaintiff in error.

N. COOK, for the defendant in error.

COLLIER, C. J.—This cause originated before a justice of the peace at the suit of the defendant in error, and was removed by appeal to the county court. The amount in controversy being less than twenty dollars, the proof was addressed to the court, and judgment rendered in favor of the plaintiff below for $15 36. It was proved that the plaintiff had paid to the defendant that amount for the benefit of his ward, over and above what was due to the ward from an estate of which he was an heir and distributee, and the plaintiff, the administrator. The plaintiff had made a final settlement of his administration, and hence it was contended that he could not maintain the suit to recover back the sum overpaid by him; but the court overruled this objection.

The defendant is described in the proceedings as guardian of Joseph Sellers; it must therefore be inferred that his guardianship is continuing, and that he still has the custody of the person and estate of his ward. The money which he

Sellers v. Smith.

received from the plaintiff, must then, be understood to be in his hands, or under his control, so that if he is compelled to refund it, he may reimburse himself from the money of the ward, which he may have on hand, and the orphans' court would allow it on settlement. The question then is, has the plaintiff a right to recover. Ordinarily, it may perhaps be conceded, that a guardian is not liable to an action upon an implied promise. [See 11 Sergt. & R. Rep. 317; 6 Verm. Rep. 54; 5 Mass. Rep. 300; 6 Id. 58; 13 Id. 237; 1 Pick. Rep. 314; 1 Bailey's Rep. 344, 419.] And if it appeared that the defendant's trust was at an end, and the money of the ward paid over, or that he had nothing of the ward's in hand with which to satisfy the judgment, then he would not be chargeable. But the reverse being inferable, the defendant in receiving the excess of his ward's share of the estate represented by the plaintiff, stands in the predicament of an agent who has received money for his principal, which he has not paid over, and which the latter could not rightfully retain. · In such case, if the party who has paid it is entitled to its return, he may maintain an action for money had and received against the agent; and we cannot doubt that such an action may be maintained upon the facts disclosed in the record before us.

The fact that the plaintiff had settled his administration account, and been discharged from his trust, cannot affect his right to recover. It was not competent for the orphans' court, upon such settlement, to have permitted him to retain for the excess paid the defendant, to the prejudice of any one else interested in the estate; nor could that court have rendered a decree in his favor for the amount on which an execution could issue. All that it could have done was to ascertain and declare the amount of the ward's share, and how much had been paid to his guardian. The plaintiff's right to recover the excess was personal—it pertained to himself, in his individual capacity, and his disconnection with the estate could not extinguish it.

We do not understand that the plaintiff in error relies upon the direction in the judgment, that it be levied on the goods and chattels, lands and tenements of the ward in the defend-

34

ant's hands, as a fatal error. In analogy to our previous decisions, it must be regarded as a mere clerical misprision at most, amendable on motion in the county court, or here, at the costs of the plaintiff in error. The judgment in other respects is unobjectionable, and is consequently affirmed.