## LUCAS AND WIFE v. HAMILTON.

1. When upon the settlement of a guardian's account, a balance was found in his favor, *quere*, is it necessary to insert in the decree the amount of the ward's share of the estate. But if the account as recorded furnishes the means of ascertaining it, it may be amended, if desired, in this court, at the cost of the plaintiff in error.

Writ of Error to the Orphans' Court of Clarke.

PROCEEDINGS were instituted in the orphans' court, and a final settlement made of the accounts of William R. Hamilton, guardian of Sarah Ann Burriss, now the wife of Charles F. Lucas, the plaintiff in error. The court, after auditing the accounts, and ascertaining that the sum of $460 35 was due to the guardian, proceeds to make a decree, that the said guardian "having in all things performed his duty as guardian of said Sarah Ann, be discharged from any further liability on his bond, and that the same be cancelled, and held for nought." It is assigned for error, that the court does not specify in the decree, the amount due on the settlement.

W. P. LESLIE, for plaintiff in error.

The orphans' court, on a final settlement of a guardian, should insert in the decree the amount due the ward. Clay's Dig. 335, § 44.

F. S. BLOUNT, for defendant in error.

Motion to amend judgment rendered in the orphans' court by proceedings of record, in this cause. Clay's Dig. 321, § 50; 322, § 24; Wilkinson v. Goldthwaite, 1 S. & P. 150; Scales v. Swan, 9 Porter, 163; Moody v. Keener, Ib. 252; Patterson v. Burnett, 6 Ala. Rep. 844; Broughton v. Robinson, 11 Ib. 922.

CHILTON, J.—By the act of 1832, (Clay's Dig. 305, § 5,) it is provided, "that the county courts, on final settlements of executors, administrators and guardians, shall assess, and insert in their decree, the amount of their distributive share." It was necessary that the decree should state the amount, in order that execution might issue for its recovery. In this case, however, it appears there is a considerable balance due from the ward to the guardian, and as it is not competent for the court to give judgment and award execution in favor of the guardian against the ward, it would seem the reason for inserting the amount in the decree would not exist. Be this as it may, the amount appears in the account for final settlement, which account was not objected to, and which, after being examined, was approved and ordered by the court to be recorded. It then forms a part of the record in the cause, and the orphans' court could at any time, on motion, have amended the judgment; we must therefore regard it as a clerical misprision in entering the judgment. In such case, the statute forbids us to reverse the cause, but requires that the judgment be amended at the cost of the plaintiff in error.— Clay's Dig. 322, § 54; Sellers v. Smith, 11 Ala. 264; Smith v. Robinson, Ib. 271; Harrison v. Barfield, at the present Term. Let the judgment be entered in this court accordingly.