# Youngblood *v.* Youngblood.

### *Bill in Equity to Recover Over-payment, &c.*

1. *Demurrer; what equivalent to recital overruling.*—Where a cause submitted on "bill and answer, and pleadings and proof," and the only pleading, other than the bill and answer, was the demurrer incorporated in the answer, the demurrer is included in the submission ; and if the decree rendered awards full relief to complainant, the demurrer was of necessity overruled.

2. *Same ; amendment, when presumed properly made.*—In this state of the record, if the court, at a subsequent term, for the purpose of making the record speak the truth, allows an amendment so as to show that the cause was "submitted for hearing on demurrer, as well as on bill, answer and proof, and that the demurrer was overruled," and the record does not disclose the evidence upon which the amendment was allowed, it must be presumed that there was proper and sufficient evidence to authorize it. Whether this be so or not, only those prejudiced by the allowance of the amendment can complain of it.

3. *Equity; what not sufficient to give jurisdiction.*—The general rule is that a court of equity will not take jurisdiction, when there is a clear, complete and adequate remedy at law. The mere intervention of fraud, no discovery or any special equitable relief being sought, will not authorize a court of chancery to grant relief, or entertain concurrent jurisdiction with the court of law, in cases cognizable at law.

4. *Same.*—When one person, on assuming the debt of another, a purely legal demand, agreed to make a deduction to the amount the debt was lessened by compromise with third persons, and on settling with the original debtor computed and was allowed usurious interest, and by fraudulent misrepresentations that he had obtained no such reduction, induced the debtor to pay a much larger sum than was really due, the debtor has a complete and adequate remedy by action at law, for money had and received, to recover the overpayment.

APPEAL from Chancery Court of Bullock.

[Youngblood v. Youngblood.]

Heard before Hon. B. B. McCraw.
The opinion states the case.

Clopton, and Norman & Wilson, for appellant.

Arrington & Tompkins, contra.

BRICKELL, C. J.—Incorporated in the answer is a demur-
rer to the bill, assigning as causes a want of equity, and that
the complainant had a plain and adequate remedy at law.
The cause was submitted for final decree, as the record
recites, "on bill and answer, pleadings and proofs." The
decree, as originally rendered, fails to notice the demurrer,
though adjudging the complainant the relief prayed. At a
subsequent term, on motion of respondent, the record was
amended, so as to show the cause was submitted for hearing
on the demurrer, as well as on bill, answers and proofs, and
that the demurrer was overruled. The amendment was
made, as the record recites, "because such was really the
truth." On what evidence the court ordered the amendment
is not disclosed. The submission was on bill, answer and
pleadings. The only pleading, other than the bill and
answer, was the demurrer, and this was, of consequence,
embraced in the submission. The decree adjudging full
relief to the complainant, the demurrer must have been over-
ruled. We incline to the opinion, sufficient matter was thus
shown by the record to authorize the amendment. However
this may be, the amendment having been made, to make the
record speak the truth, as is declared, and the presumption
not being repelled by a disclosure of the evidence, we must
presume the action of the chancellor was based on proper
and sufficient evidence. We do not concede that on this
appeal we could inquire whether the amendment was cor-
rectly made or not. That inquiry could only arise when the
order of amendment was brought here for revision by a party
prejudiced by it.

The general rule is, that a court of equity will not take
jurisdiction, if there is a clear, adequate and complete remedy
at law. Such remedy existing, there is no necessity for the
peculiar remedial process or functions of a court of equity;
and if the court entertained the suit, it would act as a court
of law, administering no other relief than could be obtained
in a suit at law—the legal and constitutional distinction
between the jurisdictions of a court of law and a court of
equity, would be subverted, and the defendant deprived of
his right to a trial by jury.—Hipp v. Babin, 19 How. 278;

[Youngblood v. Youngblood.]

*Parker v. W. L. & W. Co.*, 2 Black. 551; *Ins. Co. v. Bailey*, 13 Wall. 616.

The allegations of the bill, from which a right to relief is deduced, are that the complainant was indebted to respondent, the debt being a pure legal demand—that he paid it, and in making the payments usurious interest was computed against him, and by the fraud and misrepresentation of respondent he was induced to pay a much larger sum than was really due. The fraud and misrepresentation consists in the respondent's·denial that he had by compromise with third persons to whom he was liable for the payment of money, shown by decrees of the court of probate of Pike county, obtained a reduction of such liability, such liability forming the consideration of the debt due respondent. By agreement with respondent, when the debt to him was contracted by complainant, a deduction was to be made from such debt if such compromise was made. The relief prayed is an ascertainment of the real amount due the respondent, and of the payments made by complainant, including the credits to which he was entitled, and a decree for the payment to him of the sum it may be ascertained he had overpaid.

It was settled in this State, at an early day, in cases which are historical, that a court of equity has not jurisdiction to decree restitution of usurious interest voluntarily paid.— *Jones v. Watkins*, 1 Stew. 81. The bill makes no allegation which relieves the payment of usurious interest of the character of voluntary, and of consequence there is no right to relief on that ground.

Money paid voluntarily, under a mistake of facts, whether the mistake is the result of mere ignorance, or is superinduced by the fraud of the party receiving it, is recoverable at law in an action for money had and received.—*Rutherford v. McIver*, 21 Ala. 750; *Kelly v. Solari*, 9 M. & W. 53; *Townsend v. Crowdy*, 8 Com. Bench, N. S. 477; (S. C. 98 Eng. Com. Law, 476); *Sellers v. Smith*, 11 Ala. 264; *Wilson v. Sargent*, 12 Ala. 778; *Walker v. Mock*, 39 Ala. 568; *Town Council v. Burnett*, 34 Ala. 400. To support the action for money had and received, it is generally necessary to show the receipt of money. Yet if the parties have treated the consideration upon which the plaintiff seeks to rest the liability as money, the action will lie.—1 Brick. Dig. 140, § 74. According to the allegations of the bill, though the payments by complainant were principally in the sale and conveyance of land, a definite price was fixed on the land for which he received credit, and it was by both parties treated as a payment in money.

It is urged, however, that although the law furnishes an

[Youngblood v. Youngblood.]

adequate remedy to the complainant for the overpayment he may have made through mistake and ignorance, because of the fraud of the respondent, which superinduced it, a court of equity has concurrent jurisdiction—that it has, as it is sometimes said, "an original, independent and inherent jurisdiction to relieve against every species of fraud, not being fraud of a penal nature." Such expressions are often found in the text books, and in judicial decisions, but it is difficult to support them by express adjudications; and certainly they are irreconcileable with the line of decisions which has been observed in this State. "Fraud is," says WALKER, C. J., "of itself, a ground of equity jurisdiction. But this rule is not universal in the jurisdiction of England, or in any of the United States. The doctrine of this court is, that notwithstanding the fraud, if the party can have full, complete and adequate redress at law, he can not go into chancery. By that doctrine, as expounding a just and convenient rule, too long recognized in this State to be lightly departed from, we will abide, without inquiring whether it harmonizes with all the decisions upon this subject."—*Dickinson v. Lewis, Garthwaite & Co.*, 34 Ala. 643. In *Sadler v. Robinson*, 2 Stew. 520, it was decided, that where money had been paid under a contract, which was fraudulent, or which had been rescinded, that an action at law would lie to recover it back; and in the absence of some special ground, a court of equity had no jurisdiction to decree its recovery. The court say: "No reason is suggested by the bill, why the appellees can not have justice administered to them at law; no discovery is asked for, as essential to enable them to prosecute their rights; no deficiency of strict legal proof is complained of. On what ground, then, the appellees ask the intervention of a court of equity, we can not comprehend. It can not be because they charge their vendor with fraud; for every circumstance alleged as fraudulent, could it avail them, is fully examinable at law." This decision was followed in *Knotts v. Tarver*, 8 Ala. 743, and it was declared that a court of equity would not take jurisdiction, though fraud had been practiced, if there was an adequate remedy at law, unless a discovery was necessary, or some other ground for interference was shown. The very point involved in the demurrer to this bill, was decided against the complainant in *Russell v. Little*, 28 Ala. 160, in which it was held, that a court of equity will not entertain jurisdiction of a bill, the sole object of which is to recover money alleged to have been paid through ignorance or mistake of fact on the part of the complainant, and through fraudulent practices on the part of the defendant, if the remedy at law is adequate and complete.

No discovery is sought by the complainant, no embarrassment of legal remedies is disclosed. The relief sought can be fully obtained in a suit at law. The rights of the parties are strictly legal, and without overstepping the line of its jurisdiction and depriving the defendant of his right to a trial by jury, a court of equity can not maintain the bill. The demurrer should have been sustained, and the decree of the chancellor overruling it must be reversed, a decree here rendered sustaining it and dismissing the bill. The appellee must pay the costs in this court, and in the court of chancery.