# PONCE & GUAYAMA RAILROAD COMPANY, Complainant,

## *v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

San Juan, Equity, No. 887.

### AS TO ACCOUNTING AND MISTAKE.

**Equity—Bill for Accounting.**

1. A complicated account is one of the grounds for equity jurisdiction, but not every matter of accounting. Where an account is agreed upon, there is no such jurisdiction.

**Accounting—Mistake.**

2. A mistake of law does not give a remedy in any court. A mistake of fact is not a ground of equitable jurisdiction when the mistake is one which can be remedied at law.

Ponce & Guayama R. Co. v. American R. Co.

**Accounting—Wrong Construction.**

3. If the mistake in the accounting is one of construction of a contract, by which one party retains money which *ex equo et bono* belongs to the other, it is a matter cognizable at law, and not in equity. Under the Constitution, in suits at law the right of trial by jury should be preserved.

**Fiduciary Relation—Agency.**

4. The fact that the defendant stood in a fiduciary relation to the complainant, in that he collected and disbursed the money taken in under the contract, makes him an agent rather than a trustee. The result is not a trust, but a debt.

**Settlement—Reopening.**

5. Where there has been a settlement, either final, or several partial settlements which can be added up into a final settlement, a court can reopen the matter only in case of mutual accounts, complication, or fiduciary relations, unless in case of fraud or error.

**Motion to Dismiss—Law Side.**

6. Under the new Equity Rule 22, if it appears that a suit in equity should have been brought at law, it must not be dismissed, but transferred to the law docket with such alterations in the pleadings as are necessary.

**Voluntary Payment—Recovery.**

7. If money has been voluntarily paid, it cannot be recovered back at law or in equity; but if the payment is only on a partial settlement, this rule does not apply upon suit as to final settlement. The payment is not voluntarily made when it relates to a continuous account which is not to be closed until later, and is reopened upon this final closing.

**Costs—Party in Fault.**

8. Where a party has brought his suit upon the wrong side of the court, and it becomes necessary to transfer it, the costs will be taxed against such original plaintiff.

Opinion filed June 4, 1914.

———

*Messrs. Hartzell & Rodriguez Serra* for complainant.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

What is called the Ponce & Guayama Railroad Company, the complainant herein, is apparently not a single corporation, but an association in the nature of a partnership or a syndicate between three different corporations. Two of these were the Centrals Aguirre and Fortuna, owning 58 of the 61 kilometers of railroad between Guayama and Ponce. The remaining 3 kilometers were owned by the defendant, the American Railroad Company of Porto Rico. The three companies entered into an agreement, approved by the executive council of Porto Rico, by which the American Railroad Company was to operate through trains, passenger, freight, and mixed, over the line between Ponce and Guayama, receiving certain compensation for operating and auditing expenses, and the net balance was to be divided among the three corporations in certain proportions. This contract was to last for one year from October 1, 1911, and, although renewed for several years subsequently, the dispute now in question relates only to this first year. While the contract provided for passenger, freight, and mixed trains, in point of fact it was found expedient to operate only a mixed train, that is one composed of passenger coaches and freight cars. The contract provided for 50 cents per train per kilometer to the American Railroad Company for passenger and freight service. Settlement under the contract was to be at the end of the period, which was one year. In point of fact, however, the American Railroad Company rendered monthly statements to each of the associate companies, showing all details connected with the operation, remitted the proportionate compensation and a bill for the 50 cent services. These bills were paid by the complainant without question

until at the end of the period a final settlement was had, and then complainant first objected to the 50 cent charge as applicable under the contract to freight services and to passenger services, but not to the mixed train service,—the only service actually rendered. The amount involved is not disputed, for it is stated by the complainant in his bill as $20,652.57, as made up from the defendant's own statements.

The suit now comes up upon the merits and upon a motion to dismiss for want of equity. This requires a consideration of the basis of the bill.

1. The bill purports to be one for an accounting, and there is no question that a complicated account is one of the grounds of equity jurisdiction. In this case, however, there would seem to be no complicated account involved, for if there was ever any complication, it has been resolved by statements made and agreed upon between the parties. It is not every matter of account that is cognizable in equity, for if this were true a bill for dry goods and groceries could be tried in chancery. It would not seem that a case where an account is agreed upon would give jurisdiction to a court of equity. Fowle v. Lawrason, 5 Pet. 495, 8 L. ed. 204; Baker v. Biddle, Baldw. 394, Fed. Cas. No. 764; Pom. Eq. Jur. § 178. A party cannot by any colorable suggestion of fraud, account, etc., use a bill in equity in place of the common-law remedy. Lewis v. Cocks, 23 Wall. 466, 23 L. ed. 70.

2. The ground of account, however, is re-enforced by that of mistake. It is alleged in the bill, and sought to be shown by the testimony, that the defendant was mistaken in its interpretation of the contract, and that the complainant either fell into the same mistake or acquiesced therein temporarily,

Ponce & Guayama R. Co. v. American R. Co.

but has now raised the point before any rights are vested one way or the other. A mistake must be either of fact or of law. If of law, there is no remedy in any court. People are supposed to know the law and are held accountable accordingly. If, however, it was a mistake of fact, then that is not necessarily a ground of equitable jurisdiction. It may be so in some cases, but where the mistake is one which can be remedied at law, there is no reason for pursuing a remedy in equity. Lesslie v. Richardson, 60 Ala. 563; Youngblood v. Youngblood, 54 Ala. 486. Is this, then, such a mistake as is cognizable at law? If so, there is an adequate remedy at law, and nothing can be taken in equity.

3. Under the allegations of the bill, here is a case of accounting from time to time under a wrong conception, perhaps mutual, of the meaning of a contract, resulting at the end of the contract period of one year in a mistake against the complainant of some $20,000. If it were a mistake as alleged, it is a mistake of construction of the contract, under which one party has retained money which *ex equo et bono* belongs to the other. So far as the amount in controversy is concerned it is a pure matter of calculation, and indeed has been calculated in the bill itself, and is not disputed in the answer. Baker v. Biddle, Baldw. 394, Fed. Cas. No. 764. A mere matter of recovery of money is cognizable in a court at law, and to that extent is not cognizable in a court of equity. The 7th Amendment to the Constitution provided that "in suits at common law where the value in controversy shall exceed $20, the right of trial by jury shall be preserved." Carrying out this principle it is provided in Revised Statutes, § 648, Comp. Stat. 1913, § 1584, that the trial of issues of fact in the circuit courts shall

be by jury except in causes of equity, and under § 723 of the
Revised Statutes, "suits in equity shall not be sustained in
either of the courts of the United States in any case where
a plain, adequate, and complete remedy may be had at law:"
The recovery of a money judgment must be at law. Whitehead
v. Shattuck, 138 U. S. 151, 34 L. ed. 874, 11 Sup. Ct. Rep.
276. "Whenever one person has in his hands money equitably
belonging to another, that other may recover it by assumpsit
for money had and received. . . . The remedy at law is
adequate and complete." Gaines v. Miller, 111 U. S. 395,
28 L. ed. 466, 4 Sup. Ct. Rep. 426.

4. Besides invoking the equity jurisdiction as to account and
mistake, the complainant alleges that the defendant company
stood in a fiduciary relation to the complainant, and therefore
the bill invokes the equitable jurisdiction over trusts. It
is true that the defendant collected and disbursed all the money
taken in under the contract. This, however, did not make it
so much a trustee as an agent, perhaps even in the nature of a
cashier or bookkeeper. At all events, whatever the nature of
the relation, it had under the allegations of the bill been re-
duced to the one in which the defendant retained the money,
whose amount is clearly fixed, which belongs to the complain-
ant. There is in this not a trust in the technical sense of the
word, but a debt.

5. There is one point of view which has not been fully
discussed in the argument. There was either a final settlement
between the parties, or a number of partial settlements which
could be added up into a final settlement. Under such circum-
stances can a court of equity revise the settlement between par-
ties? Says Pomeroy: "Section 1421. The instances in which

the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper, are: 1. Where there are mutual accounts between the plaintiff and the defendant,— that is, where each of the two parties has received and paid on account of the other; 2. Where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate relief at law; 3. Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account. A plea of stated account obviously constitutes a bar to a suit in equity for an accounting, since in that case the remedy at law is entirely adequate; but, of course, a stated account may be opened for fraud or error." 4 Eq. Jur. § 1421.

The facts of this case would not under these principles authorize opening the settlement in equity. There is no fraud alleged, and no error apparent that cannot be handled as well in a court of law as in a court of equity.

6. Under the old practice, therefore, the motion to dismiss for want of equity must have prevailed. The new rules in equity, however, call for a different procedure. Rule 22 provides that "if at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side, and be there proceeded with, with only such alteration in the pleadings as shall be essential." The proper order in this court, if any be made, must be not that the case be dismissed, but that it be transferred to the law docket of this court.

7. The defendant, however, sets up that the money in question has been voluntarily paid, and therefore cannot be recovered back on either side of this court, or in any court. There

is no question about this principle. United States v. New York
& C. Mail S. S. Co. 200 U. S. 488, 50 L. ed. 569, 26 Sup. Ct.
Rep. 327; Chesebrough v. United States, 192 U. S. 253, 48 L.
ed. 432, 24 Sup. Ct. Rep. 262. If this money was voluntarily
paid, the court will leave the parties where it finds them. Par-
ties cannot have business dealings in which they voluntarily
settle matters and afterwards change their mind and come into
court for redress. In case of money paid under a mistake of
fact, if the party has been guilty of negligence or of a breach
of his proper duty in the transaction, he is not entitled to re-
cover back against the other party whose rights or conduct have
not been affected by such fact. Bend v. Hoyt, 13 Pet. 263,
10 L. ed. 154. Is this such a case?

The transaction as set out in the bill and as testified to by
witnesses was one in which there was to be a final settlement
at the end of the contract period. There had been partial set-
tlements before then, in fact every month, but partial settle-
ments, because they are partial, must be open to re-examination
at a final settlement. Unless distinctly agreed that they are
absolute *pro tanto,* they are subject to re-examination at the
final settlement. Under the contract at bar there is only one
settlement provided for, and that is the one at the end of the
period, and complaint was made in connection with this. It
cannot be said that a payment is voluntarily made when it re-
lates to a continuous account which is not to be closed until
later, and when at the final closing the matter of these payments
is reopened.

It is difficult to see under the principle of Bend v. Hoyt,
supra, in what respect the defendant was injured by the com-
plainant's not making objection earlier. It might well be

Ponce & Guayama R. Co. v. American R. Co.

that monthly accounts would pass through the hands of differ-
ent officials from those who would pass upon annual accounts.
The defendant under the contract kept the books and it is not
at all necessary for the complainant to object (under penalty
of losing his own rights) until the time fixed by the contract
itself, for a settlement. These circumstances hardly amounted
to a contemporaneous practical construction of the contract by
the parties under the principle of State Trust Co. v. Duluth,
104 Fed. 632. The terms of the contract as to time of settle-
ment are the law of this case.

8. It cannot be said that the complainant is without fault in
this matter. If it had complained on the first presentation of a
statement, it may be that the matter would have been rectified
without suit. At all events, having brought the suit in the
wrong manner, complainant should pay the costs of the pro-
ceedings up to this time. It may be that Equity Rule No. 22
identifies the proceedings upon the two sides of the court for
all practical purposes, including statute of limitations, but it
does not change the fact that a new proceeding is necessary in
form, and the party who has brought the suit in the wrong man-
ner must, on the same principle as the loser in an ordinary suit,
be taxed with the costs of that erroneous proceeding.

The submission in this cause is therefore set aside, and the
motion to dismiss for want of equity is granted to the following
extent:

(1) Complainant has ten days within which to amend his
complaint so as to meet the evidence which has been submitted
and show some ground of equity jurisdiction.

(2) If such amendment is not made the clerk will transfer
the cause to the law docket of this court. Complainant there-

upon has twenty days within which to make such alteration in the pleadings as shall be essential to the new form of suit.

(3) Upon such transfer the complainant herein shall pay the costs of the suit on the equity side of this court.