68 U.S. 706
 17 L.Ed. 626
 1 Wall. 706
 UNITED STATES
v.
MORILLO.
 December Term, 1863
 
 APPEAL by the United States from the decree of the District Court for the Southern District of Claifornia, confirming a claim to land under the act of 3d March, 1851, entitled 'An act to ascertain and settle the private land claims in the State of California.'[1] The act having, by a previous section, enacted that 'each and every person' claiming lands in California under title derived from the Spanish or Mexican government, should present them with evidence to a Board of Commissioners appointed by the act, who should examine the same 'upon such evidence, and upon the evidence produ ed by the United States,' and should decide on it, in its 13th and 15th sections provides as follows:
 'SECTION 13. All lands, the claims to which have been finally rejected by the commissioners, &c., or which shall be finally decided to be invalid by the District or Supreme Court; and all lands, the claims to which shall not have been presented to the said commissioners within two years after the date of this act, shall be deemed, held and considered as part of the public domain of the United States. Provided, &c.
 'SECTION 15. The final decrees rendered by the said commissioners, or by the District or Supreme Court of the United States, or any patent to be issued under this act, shall be conclusive between the United States and the said claimants only, and shall not affect the interests of third persons.'
 It was part of the case in this court, made so by the assertion of the United States, that the land in controversy had been confirmed to a person other than the claimant appellee, to wit, had been confirmed to one Ramon Yorba. But this fact did not appear in the record; nor was there evidence of any kind as to the date of this alleged decree; that is to say, whether it was prior to subsequent to the one from which the present appeal was taken. In this state of facts, the question upon this assertion by the Attorney-General of the United States, or his deputy, that the government had no further interest in the case, was, what form of order or decree should be made in this court; whether a decree of reversal, with direction to the court below to dismiss as wanting jurisdiction, or a decree here of dismissal simply?
 Messrs. Bates, A. G., and Wills, for the United States: The act of March 3, 1851, gives jurisdiction to the District Courts of California and to this court on appeal, only in controversies between the government and individuals. This is to be inferred from the sections of the act as quoted. The purpose of the act was to provide the means of separating the national domain from the possessions of private individuals. If the controversy is between private individuals only, neither this court nor the court below has jurisdiction. Now the admission by the government that it has no interest in the land, is necessarily sufficient to satisfy the court of that fact; for it is an admission against its own interest. This court cannot entertain jurisdiction in the face of an acknowledgment by the United States that the contest is wholly between private claimants. But if this court has no jurisdiction, neither had the court below; and, whatever is sufficient to induce this court to decline jurisdiction, must of course be sufficient to induce it to reverse. If it declines jurisdiction, it does so only because satisfied that the claim is between private parties; and, when satisfied of that, it is satisfied also that the court below had no jurisdiction. Satisfied of that second fact it necessarily reverses. It matters not how it may be satisfied; whether by the record, or by admission of the party made here. If satisfied in any way, it is enough. The court cannot decline cognizance at all therefore for itself, on the ground alleged, and not go so far as to reverse the decree below with directions to dismiss.
 The claimant, Morillo, was not represented here, either by counsel or by brief.
 Mr. Justice MILLER delivered the opinion of the court.
 
 
 1
 On the part of the appellant the point principally relied on is, that this court has no jurisdiction of the case, and the ground on which this point is based is the fact that the District Court has already confirmed the claim of another party, which covers the land now claimed by the appellees in this case. It is, therefore, say the counsel, a mere contest between individuals as to who is the real owner of the land, in which the government has no interest, and its decision is not necessary to separate the lands of the United States from those held by private parties.
 
 
 2
 We concur entirely with counsel, both in the reasoning and in the conclusion above stated; and as to the United States, who by her counsel asserts it, we assume that the fact on which the reasoning rests is correctly stated, to wit, that the land has been confirmed to another person.
 
 
 3
 The act of March 3, 1851, under which these proceedings were had, contemplated primarily nothing more than the separation of the lands which were owned by individuals from the public domain. This is clearly expressed in the 13th section of that act. The 15th section declares that the final decrees rendered in these proceedings, and the patents issued under them, shall be conclusive between the United States and said claimants only, and shall not affect the interest of third parties.
 
 
 4
 We therefore agree with counsel for the appellant that when the government no longer claims that the land is public land, the right of the United States to contest the case further ceases, and this court will not entertain jurisdiction to determine to which of two private claimants it may belong. It results from these considerations that the appeal in this case should be dismissed.
 
 
 5
 It is urged against this action of the court, that the same fact which shows that this court has no jurisdiction of the appeal, shows that the District Court was also without jurisdiction, and that its decree should be reversed, with instructions to dismiss the case.
 
 
 6
 The reply to this is, that it nowhere appears in the record of this case that the land claimed by appellees has been confirmed to any other person. The appellees are not represented here by counsel, to affirm or deny that fact stated by the counsel of the government. When the appellant appears by counsel, and makes the point that this court has no jurisdiction of the case, and supports that argument by the statement of a fact which sustains the point, we are certainly at liberty to assume that fact to be true as against the appellant, and dismiss his appeal. But when he asks us to go a step further, and adjudicate on the rights of the appellee, by reversing a decree in his favor, we must have some other evidence of that fact than the statement of the appellant's counsel.
 
 
 7
 But conceding it to be true for all purposes that the land in question has been confirmed by a decree of the District Court to another party, there is nothing to show whether that decree is prior or subsequent in date to the one now before us; or which claim was first presented to the Board of Commissioners for its action. We might, therefore, be doing the present claimant great injustice in reversing his decree and leaving another claim for the same land to stand affirmed in favor of some other person, while we can by no possibility injure the United States by dismissing an appeal in a case where it is evident that the government has no interest, and which can only be protracting the litigation for the benefit of one individual in his contest with another.
 
 
 8
 APPEAL DISMISSED.
 
 
 
 [1]
 9 Stat. at Large, 631.