CLARY v. HARDEEVILLE BRICK CO.

(Circuit Court, D. South Carolina. April 17, 1900.)

1. ARREST OF JUDGMENT—GROUNDS OF MOTION.

    A motion in arrest of judgment will not lie for an error in the admission of evidence, the evidence being no part of the record, for the purposes of such motion.

2. WITNESSES—CROSS-EXAMINATION—CONTRADICTION BY PRIOR STATEMENTS.

    It is within the discretion of a court to permit a witness, called by the plaintiff and recalled by defendant, after he has entered upon his defense, after having been asked a question relating to a matter of defense which he answers adversely to the defendant, to be interrogated by defendant, with the latitude of cross-examination, to lay the foundation for the admission of prior contradictory statements, and also to admit such statements, for the purpose of showing the bias of the witness.

At Law. On motions in arrest of judgment and for a new trial.

Wm. N. Heyward and Bryan & Bryan, for plaintiff.
Geo. S. Owens and J. W. Barnwell, for defendant.

SIMONTON, Circuit Judge. This case comes up on a motion for a new trial and in arrest of judgment. As will be seen hereafter, the grounds for the motion are for an error in admitting evidence. Technically, therefore, a motion in arrest of judgment will not lie. "A motion in arrest of judgment can only be maintained for a defect apparent in the record, and the evidence is no part of the record for this purpose." Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835.

As to the motion for a new trial. The action was brought by George W. Clary, an employé of the Hardeeville Brick Company,

against the company, for an injury sustained by him in operating a machine of that company. The cause was heard with a jury. All the requests to charge of plaintiff and defendant were allowed. No exception was taken to the charge of the trial judge by either party. The jury found for the defendant. The plaintiff was in charge of a drum operated by steam, by which a cable was used to draw a loaded car of clay up an incline. He in some way became entangled in the cable, and was injured. To sustain his case, he introduced, among other witnesses, J. R. Garmany. He had testified about the construction of the drum, the character of the incline, and the management of the rope or cable, and that it was necessary at times for the man operating the drum to catch the rope and throw it back in pegs on the track, when by any chance it had jumped them. He had not testified to any conversation with Clary. On the cross-examination the attorney for defendant first asked him, "Did you have any talk with Mr. Clary as to how he got hurt?" He answered this question, "Yes;" and being further interrogated on the point, and answering, he was then asked if he saw Clary put his foot on the rope. He said, "No." Then he was asked if he ever cautioned Clary to take care about putting his feet on the rope. This was a question material to the issue, for it tended to show that Clary was cognizant of the risks of his employment. He answered that he never did. At this point Mr. Bryan, for plaintiff, objected to questions as to any conversation between this witness and Clary, as not responsive to anything brought out in direct examination; that by doing this the defendant made Garmany their witness. This objection was sustained by the court. He was then asked, "Did you not state to me in my office in Savannah that you had this conversation with Clary?" The objection was renewed and sustained. In making this ruling the trial judge did not fully comprehend the purpose of the question, and made his ruling upon the general principle controlling cross-examination in the federal courts. During a recess of the court he examined the cases, and suspected that he was in error in excluding these questions. The rule is clearly stated in Wills v. Russell, 100 U. S. 625, 25 L. Ed. 608:

"Authorities of the highest character show that the established rule of practice in the federal courts, and in most other jurisdictions in this country, is that a party has no right to cross-examine a witness, without leave of the court, as to any facts and circumstances not connected with matters stated in his direct examination, subject to two necessary exceptions,—he may ask questions to show bias or prejudice in the witness, or to lay the foundation to admit evidence of prior contradictory statements. Subject to those exceptions, the general rule is that, if the party wishes to examine the witness as to other matters, he must, in general, do so by making him his own witness, and calling him as such in the subsequent progress of the cause."

When the plaintiff rested his case, defendant called Garmany to the stand, and interrogated him in the same line, as to his warning Clary of the danger of putting his foot on the rope. Garmany denied this. Thereupon the defendant's attorney produced a paper purporting to be signed as an affidavit by Garmany in Savannah, at his office, and asked him with regard to it. Being closely pressed with the question, "Is this your signature?" he answered, "This is

my name," and finally, when questioned by the court, he said: "I might have written it. I don't remember writing it in your office. I know I was there." The defendant then introduced another witness, who swore that he had read over the paper to Garmany, and had asked if that was true and if he understood it. Garmany answered in the affirmative. Defendant then offered the paper in evidence. Mr. Bryan objected, and the paper was admitted. The notice for a new trial is based upon this action, on the following notice:

"Please take notice that plaintiff will move the circuit court, on the minutes in this case, on Saturday, April 14, 1900, at 12 m., for a new trial, and to arrest the judgment in this case, on the ground that the court erred in admitting into evidence, over the objection of the plaintiff, the alleged statement in writing, signed by the witness Garmany, to contradict the evidence of and discredit the witness Garmany, when testifying as a witness for the defense on a subject-matter not made the matter of examination of witness Garmany by the plaintiff in his direct examination."

The question thus raised is an important one. Inasmuch as the questions put by defendant to Garmany, when on the stand for plaintiff, evidently were as well to show his bias as to lay the foundation to contradict him, under the rule in Wills v. Russell, supra, they ought to have been admitted. Can they be admitted, the defendant having recalled him? On this subject Mr. Greenleaf (section 447) says:

"Whether, when a party is once entitled to cross-examine a witness, this right continues through all the subsequent stages of the cause, so that if the party should afterwards recall the same witness, to prove a part of his own case, he may interrogate him by leading questions, and treat him as the witness of the party who first adduced him, is also a question upon which different opinions have been held. Upon the general ground on which this course of examination is permitted at all, namely, that every witness is supposed to be inclined most favorably towards the party calling him, there would seem to be no impropriety in treating him, throughout the trial, as the witness of the party who first caused him to be summoned and sworn. But as the general course of the examination of witnesses is subject to the discretion of the judge, it is not easy to establish a rule which shall do more than guide, without imperatively controlling, the exercise of that discretion. A party, however, who has not opened his own case will not be allowed to introduce it to the jury by cross-examining the witnesses of the adverse party, though, after opening it, he may recall them for that purpose."

This conclusion of Mr. Greenleaf is sustained in the case of Ellicott v. Pearl, 10 Pet. 440, 9 L. Ed. 475. That was an action of ejectment. The demandant, to prove his case, had called and used the evidence of one McNeal. The defendants, in defending their case, called the same McNeal to prove certain affirmative facts in their favor. In reply, the demandants attempted to introduce a plat contradicting the testimony which McNeal had given in favor of defendants on the point for which they called him. The court ruled that this could not be done, because McNeal was their witness; evidently concluding that, having been originally called by demandant, the witness remained in the cause the witness of demandant. In Burke v. Miller, 7 Cush. 550, it appears that when the case was tried at nisi prius the plaintiff called a witness merely to prove the formal execution of a deed. The defendant began to cross-examine him as to matters of defense. The court ruled that this was improper

at that time, and that the cross-examination should be deferred until the case of the defendant was opened. This course was pursued, and when the witness was recalled he was cross-examined by defendant. This ruling was sustained on writ of error. It is the practice of the federal court, in case it be desired to interrogate a witness as to contradictory statements made by him, to permit him to be recalled after he has testified, in order that such examination should be had. Ayers v. Watson, 132 U. S. 394, 10 Sup. Ct. 116, 28 L. Ed. 1093. In the case at bar this was allowed, chiefly because of the mistake into which the trial judge had fallen in excluding such examination when Garmany was first cross-examined.

But if it be assumed that this witness J. R. Garmany, who had been called, and had been examined in chief, by the plaintiff, and who had been recalled by the defendant, under the circumstances stated, was a witness of the defendant, was it error to permit defendant to show that he was mistaken in his answer by the introduction of the statement proposed? The general rule, to which there seems to be no exception, is that a party cannot impeach the credibility of his own witness by showing that he is unworthy of belief. Greenl. Ev. § 442. But it is also the rule that a party may contradict by testimony the statements of his own witness. Wharton states it thus: "In this country, while a party cannot ordinarily discredit his own witness, his right to contradict such witness is unquestioned, and this rule apparently has no exception." Whart. Ev. § 549. In the elaborately discussed case of U. S. v. Watkins, Fed. Cas. No. 16,649, the law is stated: "A party cannot discredit his own witness by testimony as to his general character, but may give evidence to contradict any important fact to which the witness has testified." "It is perfectly clear," says Greenleaf (section 443), "that the party calling a witness is not precluded from proving the truth of any particular fact by any other competent testimony in direct contradiction of what such witness has testified."

When, on the cross-examination in chief, the defendant's attorney interrogated the witness as to the transaction in Savannah, and produced the paper purporting to be signed by him,—a matter not stated in the direct examination,—the trial judge sustained the objection of the plaintiff's attorney, upon the ground that this was new matter, not proper in a cross-examination. In so ruling he strained a point in favor of the plaintiff. It is perfectly true that in this court the rule has long been settled that the cross-examination of a witness must be limited to the matters brought out in his direct examination. Houghton v. Jones, 1 Wall. 706, 17 L. Ed. 503; Greenl. Ev. § 445. But to this rule there are exceptions. In Wills v. Russell, 100 U. S. 625, 25 L. Ed. 608, the rule is stated:

"Authorities of the highest character show that the established rule of practice in the federal courts, and in most other jurisdictions in the country, is that a party has no right to cross-examine a witness, without leave of the court, as to any facts and circumstances not connected with matters stated in the direct examination, subject to two exceptions,—he may ask questions to show a bias or prejudice in the witness, or to lay the foundation to admit evidence of prior contradictions."

Text writers and decided cases all agree that this is a matter wholly within the discretion of the court, and that it is not reviewable (Greenl. Ev. § 447; 1 Starkie, Ev. 162; Johnston v. Jones, 1 Black, 216, 17 L. Ed. 117; Teese v. Huntington, 23 How. 2, 16 L. Ed. 479; Rea v. Missouri, 17 Wall. 542, 21 L. Ed. 707; Burke v. Miller, 7 Cush. 550); unless, indeed, the abuse of discretion be flagrant. Subsequent consideration satisfies me that I should have overruled plaintiff's objection. At the close of plaintiff's case, this witness was the first called by defendant. He was fully advised that he would be contradicted. Questions were put to him respecting the transaction in Savannah, and time and place and circumstances were called to his attention. The questions for the most part were leading. Plaintiff's attorney objected, because the witness was the witness of defendant, and he could neither ask him leading questions nor contradict him. This exception was overruled. On his examination in chief the witness had shown his strong bias in favor of plaintiff. He had been summoned by him and had been called by him. He was hostile to the defendant, and was only called by the defendant because the exigency of his case demanded it. In no other way could the foundation be laid for contradicting him. The rule, under those circumstances, is well stated by Appleton, C. J., in State v. Benner, 64 Me. 279:

"Cross-examination of an opponent's witness is allowable. Why? Because, being called by him, it is imagined that there is some tie of sympathy or interest which would induce partiality on the part of the witness in favor of the party who called him. If the witness is from any cause adverse to the party calling him, the same reasoning which authorized and sanctioned cross-examination more or less vigorous equally requires it when the party finds that the witness, whom the necessities of his case have compelled him to call, is adverse in feeling, is reluctant to disclose what he knows, is evasive, or false. Important as interrogation may be, if the witness is friendly, to remove uncertainty and indistinctness, and to give fullness and clearness, doubly important is it if the witness is dishonest and adverse, to extract from reluctant lips facts concealed from sympathy, secreted from interest, or withheld from dishonesty. Cross-examination may be necessary to elicit the truth from one's own witness as from one's opponent's witnesses. When the necessity exists, equal latitude should be allowed in the one case as in the other. The occasion for the exercise of this right must be determined by the judge presiding. It can be by no one else. Its allowance is a matter of discretion, and is not subject to exception."

In Ellmaker v. Buckley, 16 Serg. & R. 78, Gibson, C. J., after stating the general rule with great distinctness, adds: "But under special circumstances, such as an apparent unwillingness to testify fully and frankly, the court may, in its discretion, suffer the inquiry to take the shape of a cross-examination, without distinction as to the party by whom the witness is called. For myself, I would not, without further consideration, pronounce the exercise of this discretion, depending, as it does, on circumstances which cannot be made fully to appear in a court of error, to be the legitimate subject of a bill of exception." In Burke v. Miller, supra, the same conclusion was stated. When this case of Burke v. Miller was tried at nisi prius, the plaintiff called a witness merely to prove the formal execution of a deed. The defendant began to cross-examine him as to matters of defense. The court ruled that this was im-

proper, and that the cross-examination should be deferred until the case of defendant was opened. When this course was pursued, and the witness was recalled, he was cross-examined by the defendant. This ruling was sustained on writ of error. See, also, Moody v. Rowell, 17 Pick. 499.

On the whole, this is the rule. The method of conducting a cross-examination is largely in the discretion of the trial court. If leading questions are put, the court, in the exercise of its discretion, may allow them. This exercise of discretion is not reviewable, unless, perhaps, it is manifestly and grossly improper. When a witness, on cross-examination, is asked some question material to the issue, but which is not precisely responsive to the examination in chief, the court must admit it if the question be intended to show bias on the part of the witness, or to lay the foundation for contradicting him. If, however, the trial judge prefers not to interrupt the ordinary course of examination with such a question, he can disallow it, with leave to the party to recall the witness. When he is recalled, he can be examined with the latitude of a cross-examination, and can be asked leading questions, if the court is satisfied that he is a hostile, unwilling, or prevaricating witness. And, while his general character for veracity cannot be impeached by the party so recalling him, he can contradict him, either by the testimony of others, or by any writing or declaration of his own.