## HUGHES *v.* ELSHER.

*(Circuit Court, D. New Hampshire. December 28, 1880.)*

1. PLEA IN ABATEMENT—MOTION FOR NEW TRIAL PENDING IN STATE COURT.—Plaintiff brought an action in the circuit court for the district of New Hampshire for breach of covenant contained in a deed purporting to convey certain land. The defendant pleaded in abatement a bill of complaint and motion for a new trial of actions, founded upon a part of the purchase-money notes, then pending in the state court. *Held,* that the plea in abatement was bad.—[ED.

Covenant. Plea in Abatement.

*W. H. Dodge* and *Mr. Copeland,* for plaintiff.

*Thomas J. Smith,* for defendant.

LOWELL, C. J. In this action of covenant broken, the plaintiff, Patrick Hughes, of Dover, New Hampshire, declares that the defendant, Martha Elsher, of Jersey City, New Jersey, in October, 1870, in consideration of $3,500, paid her by the plaintiff, made and delivered to him a deed, executed by her as guardian of her minor children, purporting to convey to him certain land in Dover, and covenanted that she had complied with the requirements of the statute in relation to sales by guardians, whereas she had failed to follow the statute in certain particulars, by reason of which omissions the plaintiff acquired no title to the lands.

The defendant pleads that the plaintiff has brought a bill of complaint and motion for new trial against her in the supreme court of New Hampshire, a copy of which is made part of the plea, in which the plaintiff sets out that he agreed with the defendant to pay her the sum of $10,000 for the brewery of her late husband in Dover, consisting of the land

in question and certain personal property; that he received from her the deed mentioned in the declaration, and a deed of her dower estate, and there is a clear implication that he received a suitable transfer of the chattels and personalty; that he paid about one-third of the purchase money in cash, and gave her six notes for the remainder, three of which he paid at maturity, and the other three have been sued by the defendant, and judgment recovered against him and satisfied by levies upon his property; that since the recovery of the judgments he had learned the invalidity of the defendant's deed, and now asks for a new trial of the three actions in which these judgments were recovered.

The pendency of the bill is pleaded in abatement. The plaintiff makes three objections to the plea, all of which must prevail: (1) It does not appear there is an action pending elsewhere. The bill of the plaintiff is an application to the equitable jurisdiction of the supreme court of New Hampshire to enable him to maintain one. To test the soundness of this position, it is only necessary to suppose that I should abate this writ, and then the supreme court of New Hampshire should refuse the petition for a new trial. (2) A defence to an action upon the notes, though it may rely upon the same breaches of covenant as are sued upon in the action, would not, even within the same jurisdiction, be a ground of abatement. It would be a reason for requiring the plaintiff to elect between his defence and his action. (3) That the pendency of an action in a state court within this circuit is not ground for abating one in this court, is entirely settled by authority. *Wadleigh* v. *Veazie,* 3 Summer, 165; *White* v. *Whitman,* 1 Curtis, 494; *Lyman* v. *Brown,* 2 Curtis, 559; *Loring* v. *Marsh,* 2 Cliff. 311.

Plea overruled.