## SEYMOUR v. MALCOLM McDONALD LUMBER CO.

(Circuit Court of Appeals, Sixth Circuit.  October 2, 1893.)

### No. 79.

1. APPEAL—DISCRETION OF TRIAL COURT.
    The refusal of the trial court to allow a defendant in an action on an acceptance, who has been examined by plaintiff to prove the fact of acceptance and the performance of a condition thereof, to give evidence on cross-examination to sustain his defense, is not reviewable.

2. NEGOTIABLE INSTRUMENTS—DEFENSES—CLAIMS OF THIRD PERSONS.
    In an action on an acceptance payable out of the proceeds of certain notes, evidence that such proceeds are claimed by third persons is irrelevant.

3. SAME—BONA FIDE PURCHASERS—FRAUD.
    Evidence of fraud in procuring an acceptance is inadmissible, in an action thereon against a holder in good faith for a valuable consideration.

4. SAME—ACCOUNTS BETWEEN DRAWER AND ACCEPTOR.
    As to the holder of a draft in good faith and for a valuable consideration, the acceptance of which is made payable out of the proceeds of certain notes, no inquiry can be made into the state of accounts between the drawer and acceptor as to such proceeds, after the same have been paid.

5. SAME—CONSIDERATION.
    To procure an acceptance, the drawer exhibited a telegram from the assignee of his interest in notes, out of the proceeds of which the acceptance was payable, which stated that a reassignment of such interest to the acceptor had been mailed, but which statement was in fact untrue. *Held,* that there was sufficient consideration for the acceptance, notwithstanding the false statement, as the assurance that the assignment had been mailed was equivalent to its actual delivery, and transferred to the drawer the acceptor's obligation to the assignee.

In Error to the District Court of the United States for the Southern Division of the Western District of Michigan.

At Law. Action by the Malcolm McDonald Lumber Company against Richard A. Seymour on an acceptance. A verdict for plaintiff was directed by the court, and judgment 'for plaintiff was entered thereon. Defendant brings error. Affirmed.

Statement by SWAN, District Judge:

This is an action of assumpsit brought upon defendant's acceptance of the following instrument, viz.:

"$3,250.                                     Manistee, Michigan, August 21, 1889.

"At sight pay to the order of myself thirty-two hundred and fifty dollars, value received, and charge same to account of
        [Signed]                                                    "H. A. Tiffany.

"To R. A. Seymour, Manistee, Mich."

Defendant's acceptance on the face of the draft is in these words:

"Accepted. Payable out of the proceeds of the J. E. Potts notes when discounted by me.                              R. A. Seymour."

The draft has the following indorsements: ·

"Pay to the order of C. B. Osborne.
        [Signed]                                                    "H. A. Tiffany."·

Again:

"Pay to the order of the Malcolm McDonald Lumber Company without recourse at any time on me.                        C. B. Osborne."

The execution of the draft, the indorsements,⊙ and the acceptance were proved. Defendant pleaded the general issue, to which was appended, under the Michigan practice, a notice of special matter which would be insisted upon in defense. The matters offered to be shown under this plea and notice were that plaintiff was not a bona fide holder for value and without notice of defendant's rights and equities of the draft and acceptance sued upon; that, at the commencement of this suit, defendant was not indebted to Tiffany, the drawer, or to the plaintiff, upon any proceeds of said Potts' notes, or upon any other matter, but, on the contrary, Tiffany owed defendant a large amount of money upon this and other unsettled matters of account; and that there is pending and undetermined in the circuit court of the United States for the western district of Michigan a suit in equity commenced December 3, 1891, wherein the identical subject-matter of this action is in controversy, in which both the parties to this cause are defendants; and that a determination of the issue in said suit in equity will decide the whole issue in the present action at law.

The facts which culminated in the execution of this draft and acceptance, and consideration for the same, condensed from the record, are that the defendant and H. A. Tiffany, Frederick Seymour, and N. R. Smith were co-partners in the ownership of certain land and other property. They sold the lands to one Potts for $55,000, receiving $18,333 in cash, and, for the remainder of the purchase money, Potts' four promissory notes for $9,166.66 each. Tiffany's interest in the copartnership was three-eighths. On June 26, 1889, Tiffany, for the expressed consideration of $7,000, sold and assigned to James Frazer all his (Tiffany's) right, title, and interest in the said Potts' notes and the collaterals, and this was known to defendant when he accepted the draft in suit. Tiffany had also previously assigned a part interest in said notes and collaterals to one Cartier. In August, 1889, Tiffany went to Manistee, Mich., as the agent of Frazer, and presented for defendant's acceptance a draft drawn by Frazer on defendant for $3,250, which was indorsed by Frazer generally, and which Seymour, the defendant, "accepted, payable out of the proceeds of ·the Potts notes when discounted by me." For ulterior purposes of his own, Tiffany, after the receipt of this acceptance from Seymour, tele-

graphed Frazer, his principal, that Seymour had refused to accept the draft, and instructed him to "reassign my assignment to you to R. A. Seymour, Manistee, and send to him by first mail. Wire Seymour when you have mailed it." Upon receipt of this dispatch, Frazer sent defendant a telegram in these words: "R. A. Seymour. Have mailed reassignment Tiffany's interest in Potts' papers to you. J. Frazer,"—and Tiffany then applied to defendant to change the acceptance accordingly. Seymour, on the faith of Frazer's telegram, thereupon destroyed the first draft and acceptance, and executed the acceptance in suit in favor of Tiffany for the same amount, $3,-250. Frazer, however, failed to mail the reassignment, nor was it ever delivered either to Seymour or Tiffany. Tiffany went to Milwaukee next day, and was there met by Frazer, who demanded the draft, but Tiffany refused to surrender it. Tiffany testified that defendant delivered to him the draft and acceptance in consideration of Frazer's reassignment of the interest in the Potts' notes, and his (Tiffany's) interest in several other deals. Seymour, on the contrary, says that the only consideration was the reassignment to him of Tiffany's interest in the Potts notes held by Frazer, and this was merely nominal. The draft was indorsed by Tiffany to Osborne, his brother-in-law, and by the latter, at Tiffany's instance, indorsed and delivered to plaintiff, who credited it at its face value upon Tiffany's indebtedness to plaintiff, to whom he was then owing $5,400. There is no evidence that plaintiff had notice of the circumstances under which the acceptance was given, the consideration therefor, or of any other infirmity in Tiffany's or Frazer's title thereto. At the conclusion of the testimony, the court directed a verdict for the plaintiff.

McAlvay & Grant, for plaintiff in error.

Niram A. Fletcher and George P. Wanty, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SWAN, District Judge.

SWAN, District Judge, (after stating the facts.) Although the court below directed a verdict for the plaintiff on the ground that no defense cognizable at law had been shown to the acceptance, the defendant is still at liberty to show either that there was sufficient evidence to go to the jury, or that questions of law apparent upon the record would control the case in opposition to the direction. It is claimed here not only that the evidence adduced by the defendant and received by the court required the submission of the cause to the jury, but also that the court excluded competent and material evidence which might fairly have changed the result. This contention makes it necessary for us to pass upon the sufficiency of the evidence admitted below, and the admissibility of that tendered and excluded.

1. A preliminary question arises upon the ruling of the court made upon the cross-examination of defendant, who was examined as a witness for the plaintiff. Upon his direct examination he had testified substantially that he signed the acceptance, and that the Potts notes, from the proceeds of which it was payable, were paid to him before this suit was commenced. This was the extent of his examination in chief. Upon cross-examination, defendant's counsel then sought to show by the witness that Tiffany obtained the acceptance from Seymour by misrepresentation and fraud; that Tiffany came to Manistee, and saw Seymour as the agent of Frazer, and in Frazer's interest procured defendant's acceptance of the first draft, which was destroyed upon the delivery

to Tiffany of the draft and acceptance in suit. The court excluded the evidence as not proper cross-examination. There was no error in this ruling. The rule has long been settled that the cross-examination of a witness must be limited to the matters stated in his direct examination. If the adverse party desires to examine him as to other matters, he must do so by calling the witness to the stand in the subsequent progress of the case. Houghton v. Jones, 1 Wall. 706; Railroad Co. v. Stimpson, 14 Pet. 461; Wills v. Russell, 100 U. S. 621, 625. In the case last cited it was further held that a judgment will not be reversed merely because it appears that the rule limiting the cross-examination to the matters opened by the examination in chief was applied and enforced. The course and extent of cross-examination, when directed to matters not inquired about in the principal examination, is very largely subject to the control of the court, in the exercise of a sound discretion which is not reviewable on a writ of error. Rea v. Missouri, 17 Wall. 542; Johnston v. Jones, 1 Black, 216. A further answer to the argument upon this point is the fact that defendant was allowed to introduce evidence of most of the matters excluded as improper cross-examination. This ruling, therefore, worked defendant no injury.

2. It is argued that the court below erred in refusing to admit in evidence the files and records in the suit in equity brought by John A. Holmes against the parties to this action and others, and then pending in the court below. The avowed purpose of this evidence was to show that Holmes, the complainant in the suit in equity, claimed that Seymour was liable to him as assignee of Frazer, under Tiffany's assignment to Frazer, for the amount of the acceptance in suit here, or whatever may be found due Holmes, as such assignee, from the defendants on an accounting. The evidence tendered was clearly irrelevant to the issue in this cause, and incompetent to affect the plaintiff's right of action. The question here is whether the defendant had become liable to the plaintiff on his acceptance. His possible liability to complainant in the equity suit could constitute no legal defense to the express engagement upon which he was sued here. Whether or not Holmes has an equitable title to the proceeds of the draft superior to that of the Malcolm McDonald Lumber Company is an issue to be determined in the suit in equity, and, however it may be decided, its pendency cannot in this action affect the status of the plaintiff suing upon the express contract of the acceptor. It is open to Seymour, by a cross bill in the suit of Holmes, if necessary, or by a bill of interpleader against his codefendants and Holmes, to compel the several claimants of the fund to litigate their claims to it inter sese, and thus shield himself against either plaintiff's or Holmes' claims, as either may be concluded by the decree. Even that course may be unnecessary, as suggested by Judge Severens, since the federal courts, "sitting as courts of law, have an equitable power over their own process to prevent abuse, oppression, and injustice, which may be invoked by a stranger to the litigation as incident to the jurisdiction already vested, and without regard to his

own citizenship." Gumbel v. Pitkin, 124 U. S. 131, 8 Sup. Ct. 379. Nor is the pendency of the suit in equity ground for abatement of the action at law. Kittredge v. Race, 92 U. S. 116; Graham v. Meyer, 4 Blatchf. 135; Paul v. Hurlbut, 5 Reporter, 738. Whether the pendency of a prior suit in equity in the same court or in a state court is ground for abatement of a suit in a federal court of the same district is a question not presented by this record. The subject is discussed at length by Judge Love in Brooks v. Mills Co., 4 Dill. 524, and the note appended. See, also, Hughes v. Elsher, 5 Fed. 263. In all cases, however, to sustain a plea of the pendency of another action in abatement of a second suit, two things must generally concur: First, that the second suit should be by the same plaintiff against the same defendant; secondly, that it should be for the same cause of action. "All the authorities agree," says Judge Story, "that the plaintiff must be the same, for otherwise the cause of action cannot in a just and legal sense be the same." Wadleigh v. Veazie, 3 Sumn. 167. The court therefore properly excluded the files and records offered in evidence.

3. The 3d, 4th and 5th assignments of error may be considered together. Defendant's witness Frazer was asked if, in his interview with Tiffany at Milwaukee, the day after the acceptance was executed, he supposed that the draft Seymour accepted was that which he (Frazer) had given Tiffany. This was clearly immaterial. Frazer's supposition as to the identity of the draft could in no degree affect Seymour's obligation on that accepted, nor could it avail for Seymour's defense in this cause to show what amount Frazer expected to receive on the draft he had drawn and intrusted to Tiffany. The grounds on which the admissibility of this evidence is urged is that the matters offered are part of the res gestae, and indispensable to show the fraud practiced on Frazer by Tiffany; but as the plaintiff was in no way connected with that fraud, nor can the defendant invoke it to defeat plaintiff's right of action on the facts of this case, the fact sought to be shown had no relation to this controversy; it is res inter alios acta. Equally incompetent was the state of the accounts between Tiffany and Seymour which the court excluded. While defendant's acceptance was undoubtedly conditional in form, the condition had been performed by the collection of the Potts notes, and the acceptance became absolute. The defendant was bound to express in his acceptance all the conditions upon which it depended, and he could not add to them against a holder who had acquired it in good faith, and for a valuable consideration. U. S. v. Bank of Metropolis, 15 Pet. 377, 396, 397. See, also, Burnes v. Scott, 117 U. S. 582, 586, et seq., 6 Sup. Ct. 865.

4. The court held that there was sufficient evidence of consideration for defendant's acceptance arising out of the assignment, and this ruling is assailed as erroneous. Whether the testimony of Tiffany or that of defendant be taken as to the consideration for the acceptance is of no consequence. Tiffany says that the consideration was his assignment to Seymour of all his interest in various joint bills in which they had been engaged, including his in-

terest in the Potts notes.   Defendant's testimony admits that, in
giving the acceptance, defendant acted on the assurance contained
in Frazer's telegram that he had mailed the assignment of Tiffany's
interest.   On either view, both Seymour and Tiffany regarded the
assignment of the latter's interest in the proceeds of the Potts notes
as of some value, and dealt on that basis.   It matters not, there-
fore, what was the extent of Tiffany's interest in that fund, or
whether, as he states, there was an additional consideration which
induced Seymour's action.   Nor did Frazer's failure to mail the
assignment to Seymour deprive the contract of consideration.   For
his own reasons, Seymour desired the assignment, and was content
to act upon Frazer's assurance that it had been sent.   By his tele-
gram, Frazer invited Seymour to deal with Tiffany for the reas-
signment, and Frazer's assurance that he had sent that instrument
was itself a sufficient consideration, and equivalent to its actual
delivery.   It transferred Seymour's obligation to Frazer over to
Tiffany, where Seymour evidently wished it to be.   Philpot v. Grun-
inger, 14 Wall. 577.

5. Upon the facts shown, the instruction of the court directing
the verdict for the plaintiff was clearly right.   Admitting every
inference in defendant's favor that could properly be drawn from
the evidence, no legal defense to plaintiff's action was established.
Seymour's good faith in the transaction is unquestionable.   Tif-
fany's action is indefensible, and was a fraud upon Frazer, but of
that Seymour had no right to complain.   He must seek protection
against double liability in a court of equity.   His defense is purely
equitable; a court of law can no more take cognizance of it than
a court of equity can entertain a suit upon a purely legal title.
Burnes v. Scott, 117 U. S. 582, 587, 6 Sup. Ct. 865.   Hendrick v.
Lindsay, 93 U. S. 148.

The judgment of the circuit court must be affirmed, with costs.