## BOSTON & M. R. R. v. DUTILLE.

(Circuit Court of Appeals, First Circuit.  May 16, 1923.)

No 1598.

1. **Abatement and revival** ⊜⊸12—**Pendency of another action for same cause in state court no ground for abatement in federal court.**

   The pendency of a prior suit in a state court is no ground for abatement of a subsequent suit in the federal courts, even though the prior suit is between the same parties and for the same cause.

2. **Courts** ⊜⊸321—**Personal representative of decedent real party in interest.**

   In New Hampshire a suit for wrongful death can be prosecuted only by the personal representative of the deceased, and in a similar action in United States District Court for the District of New Hampshire such personal representative has complete control of the suit, and for the purposes of the case is the party in interest.

3. **Courts** ⊜⊸321—**Jurisdiction of action for wrongful death in federal court, where personal representative controlling suit was alien.**

   In an action for wrongful death by the personal representative of decedent, the federal court had jurisdiction, under Judicial Code, § 24 (Comp. St. § 991), where such personal representative was an alien; it being the invariable doctrine of federal courts that, where the personal representative controls the suit, his citizenship controls the jurisdiction.

4. **Railroads** ⊜⊸350(32)—**Proximate cause of injury to automobile passenger held for jury.**

   In an action for death from a collision between an automobile and a train, where plaintiff relied on negligence of defendant in allowing its automatic grade crossing signals to get out of repair, and in failing to sound the engine's whistle and bell, and defendant urged that its negligence was not the proximate cause of the injury, but that it was caused by the act of the driver of the automobile and the contributory negligence of deceased, *held*, on conflicting evidence, that the issues of negligence of the parties and proximate cause were for the jury.

5. **Appeal and error** ⊜⊸979(4)—**Denial of motion to set aside verdict not reviewable in federal courts, it being question for trial judge.**

   In federal courts, the denial of a motion to set aside a verdict as against the evidence and the weight of evidence, and for other reasons, is a matter not reviewable by the appellate court; the question of setting aside the verdict as against the evidence being for the trial judge.

6. **Appeal and error** ⊜⊸1004(1)—**Federal appellate court will not review error assigned to verdict of jury as excessive.**

   Complaint that a personal injury verdict awarded excessive damages presents no question in the federal courts for the review or correction of such verdict.

In Error to the District Court of the United States for the District of New Hampshire; George F. Morris, Judge.

Action at law by Theodore Dutille, administrator, against the Boston & Maine Railroad. Judgment for plaintiff, and defendant brings error. Affirmed.

Stephen S. Jewett, of Laconia, N. H. (Jewett & Jewett, of Laconia, N. H., on the brief), for plaintiff in error.

⊜⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Alexander Murchie, of Concord, N. H. (Murchie & Murchie, of Concord, N. H., on the brief), for defendant in error.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

HALE, District Judge. This action was brought by the administrator of the estate of Thomas Richardson, late of Lebanon, N. H., against the Boston & Maine Railroad, for personal injuries caused by the alleged negligence of the defendant, and resulting in the death of plaintiff's decedent. It is alleged that the injury was sustained by Richardson upon a highway in Lebanon, at a grade crossing, where he was run over and killed by a locomotive of the defendant road. The action is brought under a statute of New Hampshire which allows recovery, in case of personal injury resulting in death, to the extent of $10,000, provided the deceased leaves a widow or minor children or a dependent father or mother. In this case the deceased left a widow and two minor children. In this opinion the administrator will be referred to as the plaintiff and the Boston & Maine Railroad as the defendant.

On a trial in the United States District Court for the District of New Hampshire, a verdict was returned by the jury for the plaintiff.

The defendant contends that the injury happened while Richardson was attempting to meet and pass an automobile at the crossing; that there was no negligence on the part of the railroad, but that the negligence which caused the injury and death consisted in the acts of Richardson at the crossing and in the conduct of the automobile driver in driving his car.

The case now comes before the court on defendant's exceptions and writ of error. The errors assigned are as follows:

(1) The court erred in sustaining jurisdiction, because an action for the same cause had been brought in the New Hampshire superior court, in which there had been a trial and a disagreement of the jury.

(2) Also because the plaintiff is an alien and not entitled to bring suit in the federal court in his representative capacity under an appointment of the New Hampshire probate court.

(3) The court erred in denying defendant's motion for a directed verdict.

(4) Also because it denied defendant's motion to set aside the verdict.

[1] 1. In the first assignment of error, the defendant says that an action for the same cause had previously been brought in the superior court for the county of Grafton and state of New Hampshire, in which action there had been a trial by jury resulting in a disagreement, and that the action was then pending in said superior court. In reference to this assignment of error it is now well settled in the federal courts that the pendency of a prior suit in a state court is not ground for abatement of a subsequent suit in the federal court, even though the prior suit is between the same parties and for the same cause. In McClellan v. Carland, 217 U. S. 268–282, 30 Sup. Ct. 501, 505 (54 L. Ed. 762), speaking for the Supreme Court of the United States, Mr. Justice Day observed:

289 F.—21

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction, for both the state and federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case."

In Barker v. Eastman, 76 N. H. 277, 282, 82 Atl. 166, 168, Judge Bingham called attention to the same rule of law in this circuit:

"It has been held in the Circuit Court of the United States for this circuit, that the state court, although exercising concurrent jurisdiction with the federal court in this district, is not a domestic, but a foreign court, and that a plea in abatement setting forth the pendency of a prior suit in the state court between the same parties, involving the same subject-matter, and asking for the same relief, will not abate the suit in the federal court."

See Hughes v. Elsher (C. C.) 5 Fed. 263; Latham v. Chafee (C. C.) 7 Fed. 520; Lynch v. Insurance Co. (C. C.) 17 Fed. 627, 628.

In the case last cited, Judge Aldrich referred to the leading case upon the subject, Hyde v. Stone, 20 How. 170–175 (15 L. Ed. 874), in which the Supreme Court said:

"This court has repeatedly decided that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the states, which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power. In many cases, state laws form a rule of decision for the courts of the United States, and the forms of proceeding in these courts have been assimilated to those of the states, either by legislative enactment or by their own rules. But the courts of the United States are bound to proceed to judgment, and to afford redress to suitors before them, in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction."

[2] 2. In the second assignment of error the defendant complains that the court refused to dismiss the suit for lack of jurisdiction; because the plaintiff is an alien, and is not entitled to bring an action in the federal court in his representative capacity, as administrator of the deceased, under an appointment of a probate court in New Hampshire.

The defendant urges that, in this suit, the amount recovered for the estate is afterwards distributed to the heirs, and that hence they are the true parties in interest, and that their citizenship should control. The plaintiff calls attention to the fact that this objection was not raised by a plea of the defendant, but was raised afterwards in an incompetent manner. It is not, however, necessary to inquire how the question is raised. It is enough to say that, on this question of representative or official citizenship, it is clear that a suit for causing a death in New Hampshire can be prosecuted only by the personal representative of the deceased, and that he has complete control of the suit; for the purposes of the case he is the party in interest. In Amory v. Amory, 95 U. S. 186, 187 (24 L. Ed. 428), speaking for the court, Mr. Chief Justice Waite said:

"Where the jurisdiction of the courts of the United States depends upon the citizenship of the parties, it has reference to the parties as persons."

Here the personal representative is an alien, but Judicial Code, § 24 (Comp. St. § 991) provides that "The District Courts shall have

original jurisdiction * * * of all suits of a civil nature * * * between citizens of a state and foreign states, citizens, or subjects."

[3] It is the invariable doctrine of the federal courts that, where the personal representative controls the suit, his citizenship controls the jurisdiction. Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Rice v. Houston, 13 Wall. 66, 20 L. Ed. 484; Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Monmouth Inv. Co. v. Means, 151 Fed. 159, 80 C. C. A. 527; Cincinnati, etc., R. Co. v. Thiebaud, 114 Fed. 918, 52 C. C. A. 538.

See, also, cases in the First circuit—Boston & M. R. R. v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193; Bishop v. Boston & M. R. R. (C. C.) 117 Fed. 771; Boston & M. R. R. v. Titcomb, 236 Fed. 129, 130, 149 C. C. A. 339.

[4] 3. The third assignment of error presents the question whether the defendant's motion for a directed verdict should, or not, have been granted.

It is contended by the defendant that there is not sufficient evidence in the case to sustain a verdict for the plaintiff. The negligence relied upon by the plaintiff consisted of four elements: First, that the defendant allowed its automatic grade-crossing signal, viz. bell and lights, to get out of repair, so that it was not working at the time of the accident; second, that the defendant's engineer failed to give the statutory grade-crossing signal, two long and two short blasts of the whistle on the engine; third, that the defendant's engineer failed to ring the engine's bell, from the time the engine passed the whistling post until it passed over the crossing, as required by the laws of New Hampshire; fourth, that the engineer failed in his duty to prevent the accident after he discovered Richardson in a place of danger. Upon all these questions there was a sharp conflict of testimony. There was affirmative evidence on the part of the defendant that the grade-crossing signals were in proper condition and were working at the time of the accident. There was much testimony offered by the plaintiff that the grade-crossing signal was out of repair and was not working at the time of the accident; that the attention of several witnesses was called especially to the subject; that it was raining very hard and was quite dark; that the crossing lights were not burning and the crossing bells were not ringing; that the crossing signal had failed before; that the railroad had been warned a number of times; and that it had had flagmen at the crossing on some occasions when the signal was not working. Several witnesses testified affirmatively that the automatic bell did not ring or the lights flash when the train was on the crossing, or when it came back over the crossing after it had backed up to the station. Upon all the questions of negligence there was a sharp conflict of testimony. The defendant urged that, even though the whistle was not sounded and the bell was not rung, the railroad would not be liable for the injury, because its negligence was not the proximate cause of the injury, but that the proximate cause of the injury was the act of the automobile driver in running his automobile and the contributory negligence of Richardson in approaching the crossing.

We have examined the instructions which the presiding judge gave upon this point; that if the jury should find that the failure of these warning signals led the automobile driver and Richardson to approach the crossing from opposite sides, with the purpose of crossing over, and led them into a place of danger, into which they would not have gone had they been warned, and from which they could not, by the exercise of reasonable care, extricate themselves in time to avoid being hit by the train, in that case the jury might competently find that the negligence of the railroad was the proximate cause of the injury; and that the confusion of the deceased and the stalling of the automobile would be only circumstances in the sequence of events that led up to the accident.

There was a sharp conflict of testimony, also, relating to Richardson's alleged contributory negligence. Here the burden of proof was upon the defendant. The charge of the judge clearly called the attention of the jury to the questions before them and to the testimony relating to those questions. It may be said that upon every issue of fact relating to the alleged negligence, there was contradictory testimony; under such conditions it is clear that the judgment of the jury was properly invoked. It seems clear, also, that there was sufficient testimony in the case to justify the jury in arriving at the verdict which they rendered. The record shows that Judge Morris clearly and competently charged the jury touching their findings upon the several questions of fact brought before them.

We are of the opinion that the motion to direct a verdict for the defendant was properly denied.

[5] 4. The fourth assignment of error is to the refusal of the trial court to set aside the verdict of the jury. It appears that, after the verdict, a motion was made to the trial court to set aside the verdict, as against the evidence and the weight of evidence, and for many reasons fully set forth in the very ample motion of the defendant. It is enough to say that in the federal courts the rule is clear that this matter does not come before the appellate court. In Victor Am. Fuel Co. v. Tomljanovich, 232 Fed. 662, 666, 146 C. C. A. 588, speaking for the Court of Appeals, Judge Putnam said:

"The federal courts adhere closely to the English practice, by which, in ordinary cases, the question of setting aside a verdict as against evidence is for the trial judge. The practical rule is stated, though perhaps too strongly, in The Connemara, 108 U. S. 352, 360."

[6] The motion also calls attention to excessive damages; but no question is here raised for an appellate court. In Lincoln v. Power, 151 U. S. 436, 437, 14 Sup. Ct. 387, 388 (38 L. Ed. 224), the Supreme Court held:

"It is not permitted for this court, sitting as a court of errors, in a case wherein damages have been fixed by the verdict of a jury, to take notice of an assignment of this character, where the complaint is only of the action of the jury."

The judgment of the District Court is affirmed, with interest; the defendant in error recovers costs in this court.